On May 31, 1982, the plaintiffs purchased an automobile from Cooper Chevrolet, Inc., which had been orally represented to them to be new. In June 1982, the plaintiffs received all of the sales documents from Cooper. These documents showed that the automobile had been placed in demonstrator service prior to the sale. The plaintiffs received their copy of the certificate of title by mail from the State of Alabama on June 18, 1982. This document also indicated that the automobile purchased by the plaintiffs was a "demo" at the time of the sale.
The plaintiffs had numerous problems with the automobile from the date of purchase. It was often at the Cooper dealership being repaired. On October 7, 1982, the plaintiffs sent certified letters to Cooper and to the Chevrolet Motor Division of General Motors Corporation, formally notifying them of plaintiffs' claim that they had breached both the implied and express warranties accompanying the sale of the automobile. These letters stated that they were written "upon the instruction of my attorney." This suit was filed by the plaintiffs on November 22, 1983, more than thirteen months after this notice was given and approximately seventeen months after their receipt of the sales documentation and certificate of title. The plaintiffs alleged breach of express and implied warranties against the original defendants, General Motors Corporation and the General Motors Acceptance Corporation, and breach of implied warranty and fraud on the part of Cooper. The case proceeded to trial and, subsequent to the plaintiffs' presentation of their case, General Motors and G.M.A.C. agreed to cancel the debt owed by the plaintiffs to G.M.A.C. upon their relinquishment of title and possession of the automobile to General Motors. Thereafter, the plaintiffs executed a pro tanto release to these two defendants and dismissed the breach of implied warranty claim against Cooper. The case went to the jury solely on the fraud count against Cooper, the plaintiffs claiming compensatory *Page 387 
damages of $1,500 and punitive damages of $125,000. The jury returned a verdict in favor of each of the plaintiffs for $6,250 and Cooper appeals.
Cooper filed a motion for a directed verdict after the plaintiffs rested and at the close of all the evidence. It argues that the trial court erred to reversal in overruling these motions. We agree.
Section 6-2-39, Code 1975, provides for a one-year limitation on actions of fraud. Section 6-2-3, Code 1975, limits the accrual of the claim to one year after discovery of facts constituting fraud.
In interpreting § 6-2-3, Code 1975, this Court has consistently held that facts constituting fraud are deemed to have been discovered when they should have been discovered.Retail, Wholesale and Dept. Store Employees Union v. McGriff,398 So.2d 249 (Ala. 1981); Seybold v. Magnolia Land Co.,376 So.2d 1083 (Ala. 1979). In Gonzales v. U-J Chevrolet Co.,451 So.2d 244 (Ala. 1984), a case very similar factually to the present case, this Court held:
 "Fraud is deemed to have been discovered when the person either actually discovered, or when the person ought to or should have discovered, the facts which would provoke inquiry by a person of ordinary prudence, and, by simple investigation of the facts, the fraud would have been discovered. Papastefan v. B L Construction Co., 385 So.2d 966 (Ala. 1980); Johnson v. Shenandoah Life Ins. Co., 291 Ala. 389, 281 So.2d 636 (1973). . . .
 "In the present case, Mrs. Gonzales should have been on notice of any misrepresentations or fraud in the sale of the car when she received the documentation for the sale. The commencement of her action with regard to the fraud counts was beyond the applicable one-year limitations period. . . ."
The plaintiffs insist that the running of the statute was tolled by their failure to read the documents. It is undisputed however, that the documents, which showed that the automobile purchased by the plaintiffs was a demonstrator, were received by the plaintiffs in June 1982. The date that these documents were received was the date the fraud was or should have been
discovered. Gonzales v. U-J Chevrolet Co., supra. This suit was not filed until seventeen months after that date. Therefore, because this action was barred by the applicable statute of limitations, the directed verdict should have been granted by the trial court.
REVERSED AND JUDGMENT RENDERED FOR DEFENDANT COOPER.
TORBERT, C.J., and FAULKNER, ALMON and BEATTY, JJ., concur.