Charles Garrett filed a complaint in the Circuit Court of Houston County against five defendants, seeking recovery of a sum of money and damages for its wrongful seizure and detention. The trial court granted the defendants' motion to dismiss the complaint under Rule 12 (b)(6), Ala.R.Civ.P., *Page 1361 
for failure to state a claim upon which relief could be granted. Garrett appeals. For the following reasons, we reverse and remand.
Garrett's complaint reads as follows:
 "Comes, CHARLES GARRETT, Plaintiff, in the above Action, is now being held by the Warden, at Fountain Correctional Center; Atmore, Alabama, and brings this suit for himself against the above named Defendant's as results of a wrongful seizure of money, upon arrest of Plaintiff; and shows unto the Court as follows:
"I
"FIRST CAUSE OF ACTION
 "On or about March 29th, 1984, the Defendant's and each of them, individually and in his official capacity, while in the lawful discharge of their duties as law enforcement officers, Lt. Mike Gilley, Houston County Sheriff's Department; Roger Jones, A.B.C. Agent; Sgt. Leroy Woods, Houston County Sheriff's Department; Investigators, Jerry Hunt and Donald Valenza, both of Houston County Sheriff's Department, while in route to Plaintiff's residence, Rt. 3, Box 198, Dothan, Briarhill Subdivision; did stop Plaintiff because Plaintiff didn't turn at the road going toward his house; by force and at gun point, took eight-thousand ($8,000.00) dollars belonging to Plaintiff.
"II
"SECOND CAUSE OF ACTION
 "On or about March 29th 1984, the Defendant's and each of them; while at the residence of Plaintiff; searched his residence and found some more money; to wit: ($42.00) Forty-two dollars that was in a suitcase belonging to Plaintiff, of which was a collection of `One Dollar Bills' all `Silver Certificates'.
"III
"CLAIM I
 "(1) The Defendant's owe Plaintiff the sum of Eight-Thousand ($8,000.00) dollars and interest thereon from March 29th, 1984.
 "(2) The Plaintiff also claims that Defendant's owe Fifty-thousand ($50,000.00) dollars to Plaintiff for the hire or use thereof, during its wrongful detention by the Defendant's from March 29th, 1984.
"IV
"CLAIM II
 "(1) The Plaintiff claims possession from the Defendant's the Forty-two (42), `One Dollar Bills,' a collection of `Silver Certificates' that Plaintiff had been saving for several years; or the value thereof in the amount of One hundred twenty five thousand ($125,000.00) dollars.
 "Wherefore, Plaintiff demands Judgment against the Defendant's for the recovery of the aforesaid `Silver Certificates' and/or $125,000.00; $8,000.00; $50,000.00 and damages thereof in the sum of $100,000.00. A total of two hundred eighty three thousand ($283,000.00) dollars."
In dismissing the complaint, the trial court entered the following order:
 "Court has judicial knowledge of all facts surrounding plaintiff's complaint. Defendant has been convicted of possession of controlled substances and trafficking in marijuana as a result of the arrest complained of and the money plaintiff is making complaint for was returned to plaintiff's attorney by order of this court. Plaintiff's complaint is therefore dismissed with prejudice."
The plaintiff contends that the trial court erred in dismissing his complaint under Rule 12 (b)(6). The thrust of his argument is that the trial court improperly took judicial notice of a prior criminal prosecution which also involved some of the same facts *Page 1362 
which form the basis of his complaint in this case. We agree.
The law regarding when a circuit court may take judicial notice of a prior judicial proceeding was stated in Butler v. Olshan,280 Ala. 181, 191 So.2d 7 (1966):
 "By the weight of authority, as is stated in 96 A.L.R. at page 945, where a judgment of the same court is pleaded as a bar or as conclusive on an issue, the existence and contents of the judgment must be proved by offering the record in evidence. In the same annotation at page 952, however, Alabama is shown as following the minority rule and holding that the trial court properly took judicial notice of a prior judgment in the same court where the prior judgment was referred to in the pleading. Such is the rule followed by this court as shown by the cases next referred to.
". . . .
 "With respect to judicial notice by a court of its own records, the rule in Alabama is not that in all cases the court may notice the record of other proceedings therein, even between the same parties and involving the same subject matter; but, where a party refers to such other proceeding or judgment in his pleading for any purpose, the court, on demurrer by the other party, may and should take judicial notice of the entire proceeding insofar as it is relevant to the question of law presented. [Citations omitted.]
". . . .
 "In the instant case, the plaintiffs did refer to Case No. 121-359 so as to satisfy the requirement of reference to the prior proceeding in the complaint and permit the defendant, by demurrer, to interpose the defense of res judicata, and call on the trial court to take judicial notice of the prior Case No. 121-359. . . ." (Emphasis added.)
See also C. Gamble, McElroy's Alabama Evidence, § 484.02 (2) (3d ed. 1977); Hales v. Scott, 473 So.2d 1028 (Ala. 1985).
Motions to dismiss under Rule 12 (b)(6) should be granted sparingly, and such a dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. Committee Comments to Rule 8, Ala.R.Civ.P; Roberts v. Meeks,397 So.2d 111 (Ala. 1981).
In the present case, the plaintiff made no reference in his complaint to a prior criminal proceeding or judgment of conviction. Although the facts as summarized in the complaint may have been collaterally involved in a prior criminal proceeding of which the learned trial judge apparently had personal knowledge, these facts are not sufficient to satisfy the requirement that there be a reference to a prior "proceeding" or "judgment." We note that the defendants did not make any reference to a prior criminal proceeding in their motion to dismiss. The plaintiff's complaint and the defendants' motion to dismiss were the only materials considered by the trial court in makings its determination.
The judgment of the trial court is, therefore, reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.