This is a fraud action. A summary judgment was granted to the defendants on their affirmative defense that the action was time barred. The plaintiffs appeal. We reverse and remand.
This action was filed in April 1984, at which time fraud claims were governed by Alabama's one-year statute of limitations. See § 6-2-39(a)(5), Code 1975 (repealed by Act 85-39, Ala. Acts 1984-85, effective January *Page 265 
9, 1985; causes of action governed by that one-year statute were transferred to the two-year statute, § 6-2-38). This appeal involves the § 6-2-3 exception to the statute of limitations for fraud, which provides:
 "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his action."[1]
In Gonzales v. U-J Chevrolet Co., 451 So.2d 244, 247 (Ala. 1984), this Court held:
 "Fraud is deemed to have been discovered when the person either actually discovered, or when the person ought to or should have discovered, facts which would provoke inquiry by a person of ordinary prudence, and by simple investigation of the facts, the fraud would have been discovered . . . ." (Emphasis added.)
In State Security Life Insurance Co. v. Henson, 288 Ala. 497,504, 262 So.2d 745, 751 (1972), this Court wrote:
 "Whether, within one year prior to filing suit, plaintiff had knowledge of such facts, or knowledge of facts which would lead a reasonable man to make diligent inquiry which would have enabled plaintiff to discover the fraud alleged . . . was a question for determination by the jury." (Emphasis added.)
This Court has decided that under certain circumstances the time of the discovery of the fraud or the time the fraud should have been discovered can be determined as a matter of law. In so determining, this Court does not make delphic pronouncements, but has before it either uncontroverted evidence that plaintiffs had such notice. Davis v. Davis,494 So.2d 393 (Ala. 1986); Kelly v. Smith, 454 So.2d 1315 (Ala. 1984); Retail, Wholesale, Department Store Employees Union,Local 453 v. McGriff, 398 So.2d 249 (Ala. 1981); Moulder v.Chambers, 390 So.2d 1044 (Ala. 1980); Seybold v. Magnolia LandCo., 376 So.2d 1083 (Ala. 1979), or uncontroverted evidence that a plaintiff, with the ability to read, had in his/her possession a document from which the fraud could have been ascertained by a simple investigation, Colafrancesco v. CrownPontiac-GMC, Inc., 485 So.2d 1131 (Ala. 1986); CooperChevrolet, Inc. v. Parker, 494 So.2d 386 (Ala. 1985); Gonzalesv. U-J Chevrolet Co., supra; Sexton v. Liberty National LifeIns. Co., 405 So.2d 18 (Ala. 1981).
The plaintiffs in this fraud action are shareholders in Ono Development Company, Inc., and Ono East, Inc., who on behalf of themselves and other shareholders of those companies, have brought suit against Pannell Kerr Forster, an independent certified public accounting firm and two of its CPA employees (the firm and the CPAs will be referred to as "defendants-accountants"), for misrepresentations made in connection with annual audits by defendants-accountants of Ono Development and Ono East relating to the improper manner in which commissions were paid to and by Jere Austill, Evan Austill, and Phillip Schock, three of the principal officers and directors of Ono Development.
Defendants-accountants moved for summary judgment "on the ground that as to the running of the statute of limitations there is no dispute as to any material fact."
The motion for summary judgment was not supported by affidavits. A defendant may file a motion for summary judgment with or without supporting affidavits. Rule 56(b), Ala.R.Civ.P. However, this motion, based on the statute of limitations defense, should not have been granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," showed that there was no genuine issue as to the statute of limitations defense.
The complaint, as amended, does not show on its fact that the claim is time-barred. *Page 266 
The only filing in this case, other than the complaint and the motion for summary judgment, is the motion to dismiss, which challenges plaintiffs' standing under Rule 23.1, Ala.R.Civ.P., "Derivative Actions by Shareholders," and which does not raise the statute of limitations defense.
There were no depositions taken, interrogatories propounded or answered, or admissions made in this case insofar as this court can determine from the record.
Five exhibits are attached to the motion for summary judgment. We first must determine whether it was permissible for the trial court to consider any of these exhibits in ruling on the motion. Welch v. Houston County Hospital Board,502 So.2d 340 (Ala. 1987).
The first exhibit was what purported to be minutes of a July 27, 1973, stockholders' meeting of Ono Development. These were not authenticated or certified in any way, and their authenticity was not established by the sworn testimony of a custodian. Ordinarily these minutes could not be considered by the trial court in ruling on this motion. However, in the motion for summary judgment it was asserted that these minutes were offered in evidence in the trial of McLaughlin v. Austill, CV-84-832-Z, in the same court as that in which the motion for summary judgment was pending. Likewise, Exhibit B was the docket sheet in that prior proceeding, and Exhibits C, D, and E were designated pages from depositions taken in that prior proceeding.
In Garrett v. Gilley, 488 So.2d 1360 (Ala. 1986), this Court wrote:
 "The law regarding when a circuit court may take judicial notice of a prior judicial proceeding was stated in Butler v. Olshan, 280 Ala. 181, 191 So.2d 7 (1966):
 " 'By the weight of authority, as is stated in 96 A.L.R. at page 945, where a judgment of the same court is pleaded as a bar or as conclusive on an issue, the existence and contents of the judgment must be proved by offering the record in evidence. In the same annotation at page 952, however, Alabama is shown as following the minority rule and holding that the trial court properly took judicial notice of a prior judgment in the same court where the prior judgment was referred to in the pleading. Such is the rule followed by this court as shown by the cases next referred to.
" '. . .
 " 'With respect to judicial notice by a court of its own records, the rule in Alabama is not that in all cases the court may notice the record of other proceedings therein, even between the same parties and involving the same subject matter; but, where a party refers to such other proceeding or judgment in his pleading for any purpose, the court, on demurrer by the other party, may and should take judicial notice of the entire proceeding insofar as it is relevant to the question of law presented. [Citations omitted.]
" '. . .
 " 'In the instant case, the plaintiffs did refer to Case No. 121-359 so as to satisfy the requirement of reference to the prior proceeding in the complaint and permit the defendant, by demurrer, to interpose the defense of res judicata, and call on the trial court to take judicial notice of the prior case No. 121-359. . . .' (Emphasis added [in Garrett].)
 "See also C. Gamble, McElroy's Alabama Evidence, § 484.02(2) (3rd ed. 1977); Hales v. Scott, 473 So.2d 1028 (Ala. 1985)."
488 So.2d at 1362.
Having reviewed these minutes, the docket sheet, and the designated pages from the depositions, we are not persuaded that the time of the discovery of the fraud or the time the fraud should have been discovered can be determined as a matter of law.
Defendants-accountants were not parties to the McLaughlin v.Austill lawsuit. It appears from the record before us that that lawsuit, and the proceedings at the July 27, 1973, stockholders' meeting *Page 267 
involved the acquisition by the Austills and Schock of a certain corporate opportunity which should have inured to Ono Development. The suit was a successful attempt to recapture for Ono Development the stock of the Austills and Schock in Ono East. It appears to us that that previous lawsuit involved questions relating to the acquisition and holding of Ono East stock and did not involve questions of how commissions were being paid to the Austills and Schock on sales of lots which they made for Ono Development. We cannot say as a matter of law that the plaintiffs should have discovered the fraud of the defendants-accountants during the course of the McLaughlin v.Austill lawsuit. The annual audits are the very things which persons of ordinary prudence would rely on to determine if the principal officers and directors are properly discharging their fiduciary duty. To hold as a matter of law that stockholders have a duty to discover misrepresentations in unqualified audit reports prepared by reputable CPAs, merely because the stockholders had employed attorneys to represent them in a complicated action, not directly involving the matters allegedly misrepresented, would go farther than this Court has gone or is willing to go.
The plaintiffs filed the following affidavit of Shelby Trice, a CPA retained by plaintiffs' attorney to review the corporate records and to testify in the preceding lawsuit, in opposition to the motion for summary judgment:
 "I was employed by the Plaintiffs in McLaughlin v. Austill, CV-87, 832-Z [sic] to determine the extend [sic] of the damages involved and the valuation of stock sought therein. During the course of that employment I reviewed the financial records of Ono Development Company and Ono East, Inc. [to] evaluate the financial conditions of those companies and to determine the value of the stock made the basis of the claim. I was not retained to review the commission structure under the pre-organizational agreement.
 "On April 26, 1983, while in preparation for the taking of my deposition regarding the value of stock and the financial condition of the above companies, I first learned from the terms of the pre-organization agreements of Ono Development Company concerning the manner in which commissions were to be charged. It was at that time, based on my prior review of the companies' records, I first learned that the payment of fees at the point of sale was improper, and in violation of the pre-organizational agreements, and that the accounting firm providing these companies with an audit report, had failed to reflect the actual transactions taking place with respect to the charging of commissions.
 "The discovery of that information required professional knowledge and inquiry."
This suit was filed within one year of April 26, 1983. The trier of fact may determine that the plaintiffs "ought to or should have discovered" more than one year before this action was filed "facts which would provoke inquiry by a person of ordinary prudence, and, by simple investigation of the facts, the fraud would have been discovered." Gonzales v. U-JChevrolet Co., supra; but this cannot be determined as a matter of law from the record before us.
The trial court erred in granting summary judgment for defendants-accountants on their statute of limitations defense.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] Act 85-39, Ala. Acts 1984-85, effective January 9, 1985, also changed the "one year" provision in § 6-2-3 to "two years."