These appeals arise from a suit against attorneys by former clients, alleging fraud, breach of contract, and professional malpractice. Following motions for summary judgment by the defendant attorneys on all counts, the plaintiffs moved for summary judgment on the breach of contract claim. The trial court granted summary judgment in favor of the defendants on the fraud count only and denied the plaintiffs' motion for summary judgment on the contract claim. Plaintiffs appeal from the defendants' summary judgment on the fraud claim. They also attempt to appeal from the denial of summary judgment on the contract claim, and the defendants attempt to cross-appeal from the denial of summary judgment as to the remaining counts of the complaint.
 Facts The defendants/appellees are Montgomery attorneys Jere L. Beasley and Frank M. Wilson (the law firm of "Beasley and Wilson"). Beasley was retained in 1979 for the purpose of representing Jim D. Parsons, Melba L. Parsons, and Parsons Steel, Inc. ("the Parsonses") in some civil litigation related to the Parsonses' business affairs.[1] Jim D. Parsons is the president of Parsons Steel, Inc.; he and Melba L. Parsons are husband and wife and, along with Parsons Steel, Inc., are the plaintiffs/appellants in the matter at bar.
 In February 1979, Beasley, on behalf of the Parsonses, filed an action in Montgomery County Circuit Court seeking recovery for fraud against First Alabama Bank ("First Alabama"), Edward Herbert (a bank officer), Michael Orange, and O.S.I., Inc. It was alleged that through fraudulent inducements of all of the defendants Jim Parsons had allowed defendant Michael Orange to take control of and eventually assume complete ownership over a subsidiary company of Parsons Steel, Inc. The subsidiary company is known as Parsons Steel Industries, Inc. As against First Alabama the complaint was subsequently amended to include a claim under the Uniform Commercial Code that a foreclosure sale by First Alabama, disposing of the assets of Parsons Steel Industries, Inc., was commercially unreasonable.
 In April 1979, Parsons Steel Industries, Inc. (the subsidiary of Parsons Steel, Inc.) was adjudicated an involuntary bankrupt by the United States Bankruptcy Court for the Middle District of Alabama. The trustee in bankruptcy, A. Pope Gordon, was joined as a party plaintiff in the pending state court fraud action in October 1979 upon motion of defendant First Alabama. *Page 255 
 On January 28, 1983, just prior to the commencement of trial of the state court fraud action, all of the plaintiffs (Jim and Melba Parsons, Parsons Steel, Inc., and the trustee in bankruptcy of Parsons Steel, Inc.) entered into a written pro tanto release and settlement agreement with defendants Michael Orange and O.S.I., Inc.[2] Under the terms of this settlement agreement, a total sum of $200,000 was paid by Orange and O.S.I. to all of the plaintiffs. The terms of the written agreement provided that the trustee in bankruptcy would receive 75% of the settlement and that Beasley and Wilson would receive 25%. The settlement agreement was signed by Jim Parsons, Melba Parsons, Jim Parsons as president of Parsons Steel, Inc., A. Pope Gordon as trustee in bankruptcy of Parsons Steel Industries, Inc., Michael Orange as president of O.S.I., Inc., and Michael Orange individually. The settlement agreement was subsequently approved by the United States Bankruptcy Court, and the 25% fee (or $50,000) was paid to Beasley and Wilson in February 1983.[3] This settlement agreement discharged all defendants except First Alabama and Edward Herbert.
 In February 1983, the Parsonses' fraud action, which had been pending in Montgomery County Circuit Court, was tried to a jury and a general verdict was returned in favor of the plaintiffs. Two million dollars was awarded to the trustee in bankruptcy, $1,000,000 each to Jim and Melba Parsons, and $1 to Parsons Steel, Inc. The lawsuit against Beasley and Wilson, which is the basis of this appeal, was filed by the Parsonses on March 18, 1985. The complaint and an amended complaint, which were filed in Montgomery County Circuit Court, alleged essentially three basic claims: breach of contract, fraud, and professional malpractice. The Parsonses subsequently initiated proceedings in the United States Bankruptcy Court to have the payment of fees, as provided in the pro tanto settlement agreement, rescinded.[4] This request was denied. The bankruptcy court also denied an application by the Parsonses to have the trustee in bankruptcy for Parsons Steel Industries, Inc., and the trustee's attorney removed and a new trustee and attorney appointed in their stead.[5]
 An answer and an amended answer to the complaint were filed by Beasley and Wilson. It was therein maintained that the fraud count was barred by the statute of limitations and that Jim and Melba Parsons had no standing to assert the claims set forth in their amended complaint. Beasley and Wilson, moreover, asserted pleas of res judicata and collateral estoppel on the theory that the fees paid to Beasley and Wilson pursuant to the pro tanto settlement were so paid under lawful orders of the United States Bankruptcy Court.
 Beasley and Wilson thereupon filed a motion for summary judgment on all counts, which was submitted on the pleadings, certain depositions, and certain affidavits accompanied by exhibits. The Parsonses then cross-filed for summary judgment on the breach of contract count, their motion being supported by affidavits of Jim and Melba Parsons. The affidavit of a local attorney, which purported to support the Parsonses' claims of legal malpractice, was also filed.
By an order dated September 23, 1986, the trial court, as previously indicated, denied the Parsonses' motion for summary *Page 256 
judgment and granted Beasley and Wilson's motion for summary judgment as to the fraud count. The summary judgment motion of Beasley and Wilson was denied as to the remaining counts of the complaint. Following certification of the summary judgment as a final judgment pursuant to Rule 54(b), A.R.Civ.P., this appeal and this cross-appeal were brought.
 Fraud Claims The Parsonses claim that Beasley and Wilson fraudulently induced them into signing the pro tanto release and settlement agreement and thereby fraudulently received the $50,000 payment provided for thereunder. Without addressing the merits of this argument, we conclude that any claims by the Parsonses for fraud are barred by the statute of limitations. The summary judgment entered by the trial court in favor of Beasley and Wilson on the claims for fraud is therefore due to be affirmed.
 The general statute of limitations for an action based on fraud or deceit, Ala. Code 1975, § 6-2-38, provides that any such action must be commenced within two years from the date of the fraud.[6] At Ala. Code 1975, § 6-2-3, however, is a provision sometimes referred to as the "saving clause":
 "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action."
 Under this provision the general statute of limitations is thereby tolled and the time period for bringing an action extended when there has been a fraudulent concealment by the party guilty of fraud. Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala. 1981). The burden is thus on the party bringing an action for fraud to show that he comes within the purview of this provision, if it otherwise appears that the statutory period has expired. Lampliter Dinner Theatre, Inc. v. Liberty Mut. Ins. Co., 792 F.2d 1036 (11th Cir. 1986). Basic to our application of this statute to the facts of the instant case are the holdings of this Court that:
 "Under that section, the claim for fraud is considered as having accrued at the time of 'the discovery by the aggrieved party of the fact constituting the fraud.' Following that discovery, that party has one year [now two years] within which to file his action. This Court has held that fraud is 'discovered' when it ought to or should have been discovered. Moulder v. Chambers, 390 So.2d 1044 (Ala. 1980); Jefferson Co. Truck Growers Ass'n v. Tanner, 341 So.2d 485 (Ala. 1977). Thus, the time of 'discovery' is the time at which the party actually discovered the fraud, or had facts which, upon closer examination, would have led to the discovery of the fraud. Papastefan v. B L Construction Co., Inc. of Mobile, 385 So.2d 966
(Ala. 1980)."
 Kelly v. Smith, 454 So.2d 1315, 1317 (Ala. 1984). Accord, Miller v. SCI Systems, Inc., 479 So.2d 718 (Ala. 1985); Bank of Red Bay v. King, 482 So.2d 274 (Ala. 1985).
 In the instant case, the undisputed facts show that both Jim and Melba Parsons signed the pro tanto settlement agreement on January 28, 1983. The Parsonses, however, contend that the terms of the written agreement were concealed from them. They support this contention with the allegation that they did not read the documents prior to signing them because they were being pressured by Frank Wilson to hurriedly sign the documents, under the guise of meeting some sort of filing deadline. We would point out, however, that the statute of limitations for fraud is not tolled by the failure of a person to read documents, including documents to which the person has affixed his or her signature. Cooper Chevrolet, Inc. v. Parker, 494 So.2d 386 (Ala. 1985); Harrell v. Reynolds *Page 257 Metals Co., 495 So.2d 1381 (Ala. 1986). The record in this case clearly shows that some days later, during the trial of the fraud action against First Alabama and Edward Herbert in Montgomery County Circuit Court, there was extensive testimony elicited from witnesses in open court concerning the terms of the pro tanto settlement agreement, particularly in regard to the provision pertaining to the payment of attorney fees to Beasley and Wilson. The settlement agreement itself was introduced at trial as an exhibit.
 In the instant case the trial court, in its written order on motion for summary judgment, noted the following:
 "Both Jim Parsons and Melba Parsons were present at all times during such trial and carefully listened to the testimony of all witnesses and the arguments of counsel. The transcript of such trial reveals numerous instances in which the terms of the Pro Tanto Settlement Agreement, including the attorneys' fees paid to Beasley 
Wilson, were discussed and described in detail. Numerous questions and answers were directed to such matters in the presence of Jim Parsons and Melba Parsons while they were seated no more than five or six feet from the witness stand. Although they signed the settlement agreement and were present when such testimony about the settlement was given in open Court in January and early February, 1983, the Parsonses never made any objection to such fees until shortly before they filed this lawsuit against Beasley Wilson on March 18, 1985."
 We have thoroughly reviewed the record and conclude that the summary judgment on the fraud claim was proper.[7]
 The settlement agreement was signed by Jim and Melba Parsons on January 28, 1983. The fraud action against First Alabama and Edward Herbert was tried in Montgomery County Circuit Court on February 1 and 2, 1983. The Parsonses contend that they did not "carefully listen" to the testimony at the fraud trial and that therefore they were not on notice of the alleged fraud in the pro tanto release and settlement agreement. However, it is clear that at the time of the trial, as they sat in the courtroom, at that time the Parsonses either knew or should have known of the provisions of the pro tanto settlement agreement that they now claim constitutes a fraud. The fraud claims in this case were not filed until March 18, 1985. At this point, a period of two years and 44 days had elapsed from the time the Parsonses heard testimony in open court concerning the fee provision and a period of two years and 48 days had elapsed from the time the Parsonses signed the documents containing the provision. The plaintiffs in this case have not met their burden of showing a fraudulent concealment so as to toll the general statute of limitations and thereby extend the time for bringing their action. Accordingly, any claims for alleged fraud relating to the payment of fees to Beasley and Wilson under the terms of the pro tanto settlement agreement are barred by the statute of limitations.
 Breach of Contract Claim Any consideration of this claim is pretermitted by the rule that an order denying a motion for summary judgment is not appealable. Blanton v. Liberty National Life Insurance Co., 434 So.2d 773 (Ala. 1983). Accord, Whitehead v. Clix Photo Centers, Inc., 355 So.2d 327 (Ala. 1978). In Whitehead v. Baranco Color Labs, Inc., 353 So.2d 793 (Ala. 1977), it was held that:
 "'The order which denied summary judgment is interlocutory in nature, not made appealable by statute, and will, therefore, not support an appeal. See Dick v. First National Bank of Birmingham, 334 So.2d 922 (Ala. [Civ.] App. *Page 258 
1976). Moreover, this appeal is not one by permission pursuant to Rule 5, ARAP.' "
 353 So.2d at 794. Such an order is inherently non-final and cannot be made final by a Rule 54(b) certification.
 Malpractice Claim The arguments advanced by the parties as to the claim for malpractice will likewise not be discussed. An order denying summary judgment is interlocutory and nonappealable. Whitehead v. Clix Photo Centers, supra.
 Conclusion Based on the foregoing, the summary judgment in favor of the defendants as to the claims for fraud is due to be, and it hereby is, affirmed. These two appeals are dismissed as to their other aspects.
 86-787, SUMMARY JUDGMENT AS TO FRAUD COUNT AFFIRMED; OTHERWISE DISMISSED.
86-851, DISMISSED.
 TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
[1] Frank M. Wilson was employed as an associate attorney by Jere L. Beasley from August 1979 to December 31, 1980. On or about January 1, 1981, he became a member of the firm of Beasley and Wilson.
[2] This settlement agreement forms part of the basis of the lawsuit by the Parsonses against Beasley and Wilson, which is the subject of this appeal.
[3] Because the trustee (A. Pope Gordon) of the "debtor in bankruptcy" (Parsons Steel Industries, Inc.) was a party plaintiff in the action giving rise to the pro tanto settlement agreement, any settlement payments received thereunder by the trustee would constitute "property" of the "estate" of the debtor. Approval by the bankruptcy court, as to participation in the settlement agreement by the trustee, was therefore required. See 11 U.S.C.S. § 541(a)(7) (part of the Bankruptcy Code).
[4] See 11 U.S.C.S. § 329 (Bankruptcy Code), "Debtor's transactions with attorneys."
[5] The Parsonses sought to have the attorney representing them in the matter at bar, Donald R. Harrison, appointed following refusal of the trustee to join in the recovery proceedings.
[6] We note, however, that at the time this cause of action is alleged to have arisen, the statutory limitations period was one year. Ala. Code 1975, § 6-2-39 (now repealed). At that time, the "saving clause," likewise, contained a one-year period.
[7] As indicated, the United States Bankruptcy Court entertained various applications and motions submitted by the Parsonses to recover the attorney fee paid pursuant to the pro tanto settlement agreement. Following one of the hearings conducted on the matter, the bankruptcy judge found: "The conclusion is inescapable from this evidence that Mr. Parsons had to know of the settlement and knew of all its essential terms."