MADDOX, Justice
(dissenting).
The majority holds that the appellants’ fraud claim was not barred by the running of the statute of limitations, and reverses the summary judgment because, says the majority, “a jury question was presented as to when it became apparent to Mrs. Moseley that Owen was not going to follow through with the assurances made to Mrs. Moseley.”
While I recognize that the burden was on State Farm Fire and Casualty Insurance Company to show that no genuine issue of material fact existed (see Rule 56, A.R.Civ. P.), and that in reviewing the granting of the motion I must look at the record in a light most favorable to the nonmovant, I believe that the company met its burden in this case.[2]
I cannot agree with the Moseleys’ argument that a jury question was presented in this case as to the date when Mrs. Moseley should have known that the agent was not going to follow through on his assurances. I believe this fraud action was barred, as a matter of law.
Under Ala.Code 1975, § 6-2-38 (Cum. Supp.1990), an action for fraud is subject to a two-year statute of limitations. There is an exception to the two-year statute, of course. Ala.Code 1975, § 6-2-3, provides:
“In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action.”
This provision has been interpreted as follows:
“ ‘Fraud is deemed to have been discovered when the person either actually discovered, or ... ought to or should have discovered, facts which would provoke inquiry by a person of ordinary prudence, and, by simple investigation of the facts, the fraud would have been discovered.’ ”
Norman Properties v. Bozeman, 557 So.2d 1265, 1268 (Ala.1990); quoting Gonzales v. U-J Chevrolet Co., 451 So.2d 244, 247 (Ala.1984). Stated another way, the test for determining whether the fraud action is timely filed is:
“ ‘Whether, within [two] year[s] prior to filing suit, plaintiff had [first acquired] knowledge of such facts, or knowledge of facts which would lead a reasonable man to make diligent inquiry which would have enabled plaintiff to discover the fraud alleged....”’
Norman Properties, 557 So.2d at 1268, quoting State Security Life Ins. Co. v. Henson, 288 Ala. 497, 504, 262 So.2d 745, 751 (1972); see McLaughlin v. Pannell Kerr Forster, 504 So.2d 264, 265 (Ala.1987).
The time when a fraud should have been discovered can be decided by the court as a matter of law if it has before it uncontro-verted evidence that the plaintiff had notice of the fraud. Norman Properties, 557 So.2d at 1268-69, quoting McLaughlin, 504 So.2d at 265. This includes uncontroverted evidence that the plaintiff, “with the ability to read, had in his/her possession a document from which the fraud could have been ascertained by a simple investigation.” Id. In other words, the court can find, as a matter of law, that one has sufficient notice of fraud when one receives documents that, “would put one on such notice that the fraud reasonably should be discovered.” Hickox v. Stover, 551 So.2d 259, 262 (Ala.1989).
In this ease, I believe that there were several instances that should have alerted *1315 the Moseleys to the possibility of fraud. First, Mrs. Moseley, who works for Alfa Insurance Company, read the insurance policy that she and her husband purchased. The terms of the policy did not represent or promise that the total limits of the policy would be paid in the event of a total loss. Therefore, Mrs. Moseley should have known at the time she read the policy that the representations allegedly made by the State Farm agent were contrary to the policy terms.
Second, in December 1987, Wilson tendered two checks to the appellants in an amount substantially less than what the Moseleys claim they are entitled to receive. The record shows that Mrs. Moseley complained about this discrepancy shortly thereafter. However, she claims that Owen consoled her into believing that he would handle it and would get back to her.
Third, on January 7, 1988, Wilson sent the Moseleys a letter explaining why State Farm had no intention of paying the policy limit of $30,000. This letter, alone, is enough to lead a reasonable person to make a diligent inquiry; such an inquiry would have enabled the Moseleys to discover the alleged fraud. Upon receipt of this letter the Moseleys should have realized that State Farm was not going to fulfill its alleged promise to pay the limits of the policy. Furthermore, these three instances combined would lead the ordinary person to conclude that State Farm was not going to pay the policy limits.
When the Moseleys received the letter they should have known that the claim would not be paid. Clearly, they should have filed their complaint within two years after they received the letter of January 7, 1988. Consequently, they should have filed the complaint on or before January 7, 1990, and should not have waited until January 16, 1990.
I believe that State Farm presented substantial evidence that the Moseleys’ claim was barred by the statute of limitations. The Moseleys did not sustain their burden of showing that there was a genuine issue of material fact, and I believe that the trial court correctly held that State Farm was entitled to a judgment as a matter of law; consequently, I must respectfully dissent.
ALMON, HOUSTON and STEAGALL, JJ., concur.

. Because this action arose after June 11, 1987, Ala.Code 1975, § 12-21-12, mandates that the nonmovant meet his burden by "substantial evidence.” Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Under the substantial evidence test, the nonmovant must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). More simply stated, "[a]n issue is genuine if reasonable persons could disagree.” Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 481 (1982).