This is the fourth appeal to the Supreme Court of Alabama from the proceedings below, which were brought by Parsons Steel, Inc., Jim D. Parsons, and Melba L. Parsons (all referred to herein as "the Parsonses"), against Jere L. Beasley and Frank M. Wilson, attorneys at law, alleging professional malpractice, fraud, and breach of contract.
Beasley was retained by the Parsonses to represent them in civil actions relating to the Parsonses' business activities. He filed a civil action in the Montgomery County Circuit Court in early 1979 against First Alabama Bank and others. Wilson was employed by Beasley as an associate from August 1979 to December 1980. In January 1981, he became a member of the law firm of Beasley and Wilson.
The Parsonses' complaint alleged three basic claims: breach of contract, fraud, and professional malpractice in regard to the actions of Beasley and Wilson in representing the Parsonses. Beasley and Wilson moved for a summary judgment on all counts. The Parsonses cross-filed for a summary judgment on the breach of contract count. On September 23, 1986, the trial court denied the Parsonses' motion for summary judgment and granted Beasley and Wilson's motion for summary judgment as to the fraud count. The trial court denied the motion as to the breach of contract claim and the professional malpractice claim. Both sides appealed.
On March 4, 1988, the Supreme Court of Alabama released an opinion, Parsons Steel, Inc. v. Beasley, 522 So.2d 253 (Ala. 1988), which will be referred to in this opinion as Parsons I.
In Parsons I, the Court affirmed the summary judgment in favor of Beasley and Wilson on the fraud claim, holding that the fraud claim was barred by the statute of limitations. Id. at 257. As to the denial of summary judgment on the breach of contract and professional malpractice claims, the Court held that consideration of those claims was pretermitted by the rule that an order denying a motion for summary judgment is not appealable, and the appeals were consequently dismissed. Id. at 257-58.
The order denying the motions for summary judgment was amended on return to the trial court, and a permissive appeal was then taken to the Supreme Court of Alabama. That opinion on that appeal, Beasley v. Parsons Steel, Inc., 534 So.2d 582
(Ala. 1988), is referred to in this opinion as Parsons II. InParsons II, the Court held: "The record and briefs on these issues [the plaintiffs' (Parsonses') claims for breach of contract and professional malpractice] . . . indicate that questions of fact exist to preclude *Page 250 
disposition of these issues on summary judgment." Id.
Back in the trial court, Beasley and Wilson made another motion for summary judgment, supported by additional evidence. Also, Beasley and Wilson counterclaimed for attorney fees based upon the fee agreement with the Parsonses concerning the earlier representation. The Parsonses moved to strike the counterclaim; no ruling was made on that motion prior to the appeal of the summary judgment, which the trial court entered in favor of Beasley and Wilson.
This summary judgment was in favor of Beasley and Wilson on the Parsonses' claims of breach of contract and professional malpractice. The Court's opinion affirming that summary judgment is found at Parsons Steel, Inc. v. Beasley,574 So.2d 728 (Ala. 1990), and is referred to in this opinion as ParsonsIII. The Court affirmed, stating:
 "After a careful review of the record and an analysis of the issues and arguments presented by the parties, this Court concludes that the record before the trial court was devoid of any evidence to support the plaintiffs' claims of legal malpractice and breach of contract."
Id.
The Parsonses' application for rehearing was denied on January 11, 1991. The case was resumed in the trial court, and Beasley and Wilson moved for a summary judgment on their counterclaim for fees. The Parsonses renewed their motion to strike the counterclaim and filed a Rule 60(b)(4), A.R.Civ.P., motion, seeking to set aside the summary judgment in favor of Beasley and Wilson on the breach of contract claim and the professional malpractice claim as void due to lack of subject matter jurisdiction. The trial court denied the Parsonses' motions to strike; denied the Rule 60(b)(4) motion to set aside the summary judgment; and entered a partial summary judgment on Beasley and Wilson's counterclaim, stating that they were entitled to the fees, but that their entitlement to interest presented a fact question.
The Parsonses appealed, raising three issues: (1) whether retired Circuit Judge Walter Bridges was properly appointed to preside over the trial proceedings; (2) whether Beasley and Wilson's counterclaim was properly before the trial court, and (3) whether the trial court's summary judgment, which the Supreme Court of Alabama affirmed in Parsons III, was void for lack of subject matter jurisdiction.
The first contention made by the Parsonses in the present appeal is that Judge Bridges was not eligible to preside over the trial because, they say, he was not "elected by a vote of the electors within the territorial jurisdiction of [his] respective court." Ala. Const. amend. 328, § 6.13. However, § 6.10 of amendment 328 to the Alabama Constitution provides that the Chief Justice of the Supreme Court of Alabama may "assign . . . retired trial judges . . . for temporary service in any court." In this case, Judge Bridges was properly assigned by the Chief Justice, on September 13, 1989, to preside over the proceedings below. Section 6.10 provides the unified court system of Alabama with a mechanism to face situations such as arose in this case, where all the properly elected judges in a particular circuit are unavailable to serve. The Alabama Constitution allows the court system to continue to function within a particular circuit by allowing the Chief Justice the power to assign "trial judges, supernumerary justices and judges, and retired trial judges and retired appellate judges for temporary service in any court." Therefore, we hold that the assignment of Judge Bridges was proper.
The second issue raised by the Parsonses, as stated in their brief, is: "Can a counterclaim be filed when more than three years have passed between the time that defendant filed its answer and the time it attempted to raise its counterclaim?"
The proper time to assert a counterclaim is in the responsive pleading; however, a counterclaim may be added later by amendment under Rules 13(f) or 15(a). Rule 13(f) states: "When a pleader fails to set up a *Page 251 
counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." Rule 15(a) states: "[A] party may amend his pleading without leave of court but subject to disallowance on the court's own motion or motion to strike of an adverse party; but such amendments shall be freely allowed when justice so requires."
The Parsonses commenced this action on March 18, 1985. Beasley and Wilson filed their answer on April 23, 1985. The counterclaim at issue was filed on May 26, 1989. The Parsonses moved to strike the counterclaim on June 13, 1989, stating that the action had been pending since March 1985 and that the claim for damages asserted in the counterclaim had been known to Beasley and Wilson since that time. The motion to strike was not ruled on by the trial court.
After the Court's decision in Parsons III, Beasley and Wilson moved for a summary judgment on their counterclaim for attorney fees. The Parsonses renewed their motion to strike the counterclaim. After hearing arguments on Beasley and Wilson's motion for summary judgment on the claim for fees and interest, the trial court entered a summary judgment as to the award of fees, but it found that a question of fact existed as to whether the Parsonses had agreed to pay interest. The trial court then set that issue for trial.
Because Judge Bridges granted Beasley and Wilson's motion for summary judgment, we must assume that he first decided to grant the amendment to the pleadings.[1] The Supreme Court of Alabama has consistently held that whether to allow a counterclaim by an amendment to the pleadings is within the discretion of the trial court. Marvin W. Sumlin Construction Co. v. City ofPrichard, 465 So.2d 371 (Ala. 1985); Brad's Indus., Inc. v.Coast Bank, 468 So.2d 129 (Ala. 1985). Under the facts of this case, we cannot say that the trial court abused its discretion in allowing this amendment to the counterclaim.
The final issue raised by the Parsonses in this appeal is whether their Rule 60(b) motion should have been granted to set aside the summary judgment granted in favor of Beasley and Wilson.[2] The Parsonses filed a Rule 60(b) motion with the trial court, alleging that the summary judgment affirmed by the Supreme Court of Alabama in Parsons III was void, based upon the decision of Parsons II. Parsons II, the Parsonses argue, decided that a genuine issue of fact existed and that a trial upon that issue was mandated by the Supreme Court of Alabama by its opinion in Parsons II. This mandate for a trial on those "facts," the Parsonses argue, precluded the later summary judgment.
In its motion for relief under Rule 60(b), the Parsonses claimed that the summary judgment (which was the basis for the appeal in Parsons III) was void for lack of subject matter jurisdiction because the decision in Parsons II, which found that the denial of summary judgment in favor of Beasley and Wilson was proper because "questions of fact exist to preclude disposition of these issues on summary judgment," was a final judgment. The Parsonses insist that this deprived the trial court of jurisdiction. We disagree,
The denial of a summary judgment is inherently nonfinal.Parsons I, supra, at 258. The trial court did not lose jurisdiction by virtue of the Supreme Court's decision inParsons II. Therefore, the trial court had subject matter jurisdiction to decide at a later date that summary judgment was appropriate. *Page 252 
The Supreme Court of Alabama decided in Parsons III that, on the merits,[3] the subsequent summary judgment on the breach of contract and professional malpractice claims was proper. The method for reviewing a decision of the Supreme Court of Alabama is by application for rehearing and/or petition for certiorari to the United States Supreme Court; a decision of the Supreme Court of Alabama is not open to review by a Rule 60(b) motion filed in the trial court.[4]
The standard of review on a Rule 60(b)(4) motion is not "abuse of discretion."
 "When the grant or denial of a motion turns on the validity of the judgment, as in a Rule 60(b)(4) motion, discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173 (Ala. 1978). In Smith v. Clark, 468 So.2d 138, 141 (Ala. 1985), the Court held that '[a] judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.' "
Cassioppi v. Damico, 536 So.2d 938, 940 (Ala. 1988). Also, " '[a]n appeal from an order denying a Rule 60(b) motion presents for review only the correctness of that order,' and . . . on such an appeal '[t]he final judgment is not brought up for review.' " Fisher v. Amaraneni, 565 So.2d 84, 87 (Ala. 1990) (quoting Smith v. Clark, 468 So.2d 138 (Ala. 1985)).
A judgment is "void" when the trial court (1) lacked jurisdiction over the defendants; (2) lacked subject matter jurisdiction; or (3) otherwise "acted in a manner inconsistent with due process." The Parsonses argue that the decision inParsons II was a "final judgment," and, thus, that the trial court lost jurisdiction of the issues decided in that case, and specifically that fact questions existed. However, in legal nomenclature, the term "final judgment" is reserved for those decisions that, in essence, end the litigation as to all claims and all parties. A "final decision or judgment" has been defined as:
 "One which leaves nothing open to further dispute . . . between parties. One which settles rights of parties respecting the subject-matter of the suit and which concludes them until it is reversed or set aside. . . . Judgment is considered 'final,' and thus appealable only if it determines the rights of the parties and disposes of all of the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy."
Black's Law Dictionary 629 (6th ed. 1990). The term "final decision" or "final judgment" is not used to refer to those interlocutory decisions made by the Supreme Court of Alabama pursuant to A.R.App.P., Rule 5, that may or may not "finally" decide specific issues. An interlocutory appeal may settle a particular issue of the proceedings, so that the decision becomes the law of the case for the pendency of the litigation. However, a permissive appeal, especially one dealing with the denial of a summary judgment motion, is not a "final judgment" that would deny the trial court subject matter jurisdiction over the continuing litigation.
Therefore, we hold that the trial court properly denied the Rule 60(b)(4) motion because the trial court's order entering summary judgment on Beasley and Wilson's motion was not void for lack of subject *Page 253 
matter jurisdiction; that is, the decision in Parsons II was not a final judgment that would have deprived the trial court of subject matter jurisdiction.
Therefore, based upon the above, we affirm the judgment of the trial court.
AFFIRMED.
PATTERSON, ROBERTSON, WRIGHT, TYSON, HOLMES and BOWEN, Special
Associate Justices, concur.[*]
[1] We note that Beasley and Wilson did not label their counterclaim as an amendment to the pleadings; however, we feel this mislabeling of the pleading in no way affected the purpose and content of the counterclaim.
[2] The Parsonses actually state the issue in their brief as: "Can a trial judge grant a motion for summary judgment when the evidentiary matter in support of the summary judgment does not establish the absence of a genuine issue?" However, that issue is not before this Court with the denial of the Parsonses' request for relief under Rule 60(b)(4).
[3] We have carefully reviewed the full record in Parsons II andParsons III in order to understand completely the issues raised by the Parsonses concerning their alleged unfair treatment by this Court. It is obvious to us that the summary judgment inParsons III was entered because, as a matter of law, the Parsonses would be unable to recover. The resolution of ParsonsIII concerned a question of law regarding whether, at the time the original lawsuit was filed, the question of the res judicata effect of filing two separate lawsuits was settled. The expert testimony offered on behalf of the Parsonses is uncontroverted that the question remained unsettled until resolved by the underlying litigation.
[4] The Parsonses also filed a Rule 60(b) motion in this Court. However, that motion was dismissed. The only method by which this Court reviews its own decision is by application for rehearing. An application for rehearing was filed and subsequently denied in Parsons III.