MONROE, Judge.
Ricky Ponds and his seven siblings (“the Ponds children”) sued their father, Parker Ponds, and his wife — their stepmother, Margaret Ponds — over a property dispute. Specifically, the children sought to enforce a deed in which Parker had purported to convey certain property to them but to reserve a life estate for himself; they also sought to void a subsequent “corrected” deed in which Parker had purported to convey the same property to the children but to reserve a life estate for Margaret.
Thé parcel of property at issue contains 164 acres and includes the marital home. After a hearing, the trial court entered a summary judgment in favor of the Ponds children, holding that the first deed is effective, but also that that conveyance is subject to the setting aside of Margaret’s homestead rights. The trial court has not yet determined what Margaret’s homestead exemption would be;. the parties acknowledge that another hearing is required before the homestead exemption can be determined. Margaret and Parker appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The bulk of the parties’ arguments center around what exactly constitutes Margaret’s homestead exemption, that is, whether her homestead rights apply to the entire 164-acre parcel, or whether the 164-acre parcel merely includes the homestead. In other words, does the entire 164-acre tract constitute the homestead, or is the homestead on a part of the 164-acre tract?
With certain limited exceptions not applicable here, an appeal can be taken only from a final judgment. McCollough v. Bell, 611 So.2d 383 (Ala.Civ.App.1992); § 12-22-2, Ala.Code 1975. A final judgment is one that ends the litigation as to all claims and all parties. Parsons Steel, Inc. v. Beasley, 600 So.2d 248 (Ala.1992). “The test of a judgment’s finality is whether it sufficiently ascertains and declares the rights of the parties.” Ex parte DCH Regional Medical Center, 571 So.2d 1162 (Ala.Civ.App.1990). Because the trial court has made no determination as to how much property, if any, the Ponds children are to receive after Margaret’s homestead interest is set aside, the judgment before us does not finally declare the rights of the parties. Therefore, we are unable to an *465 swer the “key” question put to us by the parties on appeal.
Because there is no final judgment, the appeal must be dismissed.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.