MOORE, Judge,
concurring in the result.
Based on the record in this case, I find no reason to address the question whether § 26-14-3(e), Ala.Code 1975, authorizes a circuit court to expunge the arrest record of Terry Van Slaton.
Section 26-14-3 provides, in pertinent part:
“(a) All hospitals, clinics, sanitariums, doctors, physicians, surgeons, medical examiners, coroners, dentists, osteopaths, optometrists, chiropractors, podiatrists, nurses, school teachers and officials, peace officers, law enforcement officials, pharmacists, social workers, day care workers or employees, mental health professionals, members of the clergy as defined in Rule 505 of the Alabama Rules of Evidence, or any other person called upon to render aid or medical assistance to any child, when the child is known or suspected to be a victim of child abuse or neglect, shall be required to report, or cause a report to be made of the same, orally, either by telephone or direct communication immediately, followed by a written report, to a duly constituted authority.
[[Image here]]
“(e) Any provision of this section to the contrary notwithstanding, if any agency or authority investigates any report pursuant to this section and the report does not result in a conviction, the agency or authority shall expunge any record of the information or report and any data developed from the record.”
By its plain wording, § 26-14-3(e) applies only to records based on a “report pursuant to [§ 26-14-3(a) that] ... does not result in a conviction.” At the trial-court level, the parties stipulated that the Alabama Department of Human Resources (“DHR”) had investigated Slaton and that DHR’s investigation led to his arrest. The *662 record also discloses that, in 1985, a grand jury indicted Slaton on a charge of first-degree sodomy for having “engage[d] in deviate sexual intercourse” with a minor under the age of 12 years; Slaton was acquitted following a trial by jury in 1986. The record does not, however, contain any evidence indicating that Slaton’s arrest resulted from a report made pursuant to § 26-14-3(a).[2] Without evidence indicating that DHR initiated its investigation based on a report of known or suspected child abuse or neglect made by one of the “mandatory reporters” listed in § 26-14-3(a), the expungement provisions of § 26-14-3(e) cannot possibly apply.[3]
Because I would affirm the trial court’s judgment based on the lack of any evidence indicating that the arrest record Sla-ton was seeking to have expunged was produced as a result of a report made pursuant to § 26-14-3(a), I concur in the result reached by the majority. I do not, however, express any opinion as to the correctness of the reasoning employed by the majority to reach that result.

. I note that § 26-14-3 was worded differently in 1985 at the time of Slaton’s arrest, but that difference is not material to the outcome of this case.

. I recognize that the trial court could have taken judicial notice of the entirety of the prior criminal proceedings, see Garrett v. Gil-ley, 488 So.2d 1360 (Ala.1986), but nothing in the record indicates that the trial court did so or that such notice would have supplied the missing evidence as to the identity of the reporter.