ALMON, Justice.
This is an appeal from the dismissal of a counterclaim made final pursuant to a Rule 54(b), A.R.Civ.P., order. On May 23, 1980, the City of Prichard sued Marvin W. Sumlin Construction Company, Inc., for breach of contract. Sumlin received service on May 30 and answered with a general denial on June 23, 1980. On February 2, 1982, Sumlin filed a motion for leave to amend its answer. The court granted this motion on February 26, 1982. On that same date Sumlin filed its amendment which added a counterclaim for breach of the same contract which was the subject of the City of Prichard’s complaint.
On October 5, 1983, the City of Prichard filed a motion to dismiss the counterclaim “for failure to file a claim as required by” Code 1975, § 11-47-23.[1] The trial court granted this motion on October 17, 1983, dismissing the counterclaim and taxing costs to the counterclaimant. The court set aside this order and reinstated the counterclaim on October 20, 1983. On October 21 Sumlin filed a motion to set aside the order dismissing the counterclaim. Directly under the entry noting that this motion had been filed, the case action summary includes an entry which reads “MOOT-SEE ORDER ABOVE.” The parties seem later to have treated this notation as meaning that the order reinstating the counterclaim was moot, but its more natural reading is that the motion to set aside the dismissal was moot because of the reinstatement.
At any rate, the record reflects that the parties continued to argue over whether the counterclaim should be dismissed. The case action summary continues with the following two entries:
“October 28, 1983 — Moot Order on above
motion set aside and defendants’ motion to set aside order of October 17, 1983 dismissing the counterclaim here *373 by reinstated and Taken Under Submission.
“December 12, 1983—Motion to set aside order dismissing counterclaim hereby DENIED.”
Sumlin filed a motion for the court to enter final judgment pursuant to Rule 54(b), A.R.Civ.P., “upon its order dismissing the Defendant’s counter-claim.” The court obliged and entered final judgment “on dismissal of counterclaim.” Sumlin appeals from that order and from the denial of its motion to set aside the dismissal of its counterclaim.
Sumlin argues that the counterclaim should relate back under the provisions of Rule 13(c), A.R.Civ.P., and thus be regarded as having been timely filed. The City of Prichard argues that no claim for payment was filed with the clerk as required by § 11-47-23, and thus Sumlin has not met the statutory prerequisite for filing its counterclaim. The City admits that this Court has relaxed this rule in tort actions, allowing a complaint to serve as the claim for payment in Hamilton v. City of Anniston, 268 Ala. 559, 109 So.2d 728 (1959); and Anderson v. City of Birmingham, 177 Ala. 302, 58 So. 256 (1912); see also Browning v. City of Gadsden, 359 So.2d 361 (Ala.1978). It asserts, however, that the Court need not reach the question of constructive compliance because Sumlin did not file the counterclaim within the two years allowed by the statute.
The City’s' argument passes over the fact that Rule 13(c), A.R.Civ.P., provides that “All counterclaims other than those maturing or acquired after pleading shall relate back to the time the original plaintiff’s claim arose.” (Emphasis added.) Thus, Sumlin’s counterclaim should be considered as having been filed well before the expiration of the two-year limitations period of § 11-47-23. The City made no showing of any prejudice because of Sumlin’s delay in amending its answer to add the counterclaim. Indeed, the City delayed just as long in filing its motion to dismiss the counterclaim.
The filing of a complaint has long been held sufficient claim for payment to satisfy the nonclaim provisions of § 11-47-23. See the cases cited above and others included in the annotations to the statute. In tort cases, a city may be able to raise the affirmative defense of failure to file the sworn statement required by § 11-47-192. No such statement is required in contract cases, so the practice of allowing a complaint to serve as a statement of claim in such cases is even more reasonable— particularly where, as here, the claim comes as a counterclaim to a complaint filed by the City.
For the foregoing reasons, we hold that the counterclaim was properly allowed in the first instance and the court erred in dismissing it. The judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.

. "All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.”