This is an action by a former client against his attorney. The trial court entered a summary judgment in favor of the attorney on all counts, and the client appeals. We affirm.
The record, viewed, as it must be, in the light most favorable to the nonmoving party, discloses the following facts:
In December 1975, James McConico and his mother retained Attorney Michael J. Romeo to represent him on charges of burglary and grand larceny. At some point, the possibility of McConico's being granted youthful offender status in the event that he was indicted on these charges was apparently discussed, although there is conflicting evidence as to exactly what was said during the discussions. McConico was indicted by the Jefferson County grand jury in February 1976. The judge rejected McConico's request for youthful offender status, but McConico evidently was not informed of this denial. On October 25, 1976, he pleaded guilty and was sentenced to serve a two-year term at the Frank Lee Youth Center.
In January 1984, in the Circuit Curt of Jefferson County, McConico was convicted of murder and the State asked that he be sentenced to life imprisonment pursuant to Alabama's Habitual Felony Offender Act. McConico insisted that his prior convictions had been youthful offender convictions and, therefore, could not be used for enhancement purposes under the Act. Romeo did not represent McConico in the murder case, but McConico maintains that he did contact Romeo about the State's contention that he had not been sentenced as a youthful offender on the burglary and grand larceny charges and that Romeo confirmed that he had been. The trial court found that the burglary and grand larceny convictions had not been youthful offender convictions and sentenced McConico to life imprisonment.
Later that year, McConico filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Alabama, alleging that his guilty plea in October 1976 had been involuntarily entered in the belief that he had been given youthful offender status. He alleges now that Romeo agreed, prior to the hearing on the federal petition, to testify on his behalf at that hearing. At the hearing, however, Romeo testified on behalf of the State. On December 18, 1987, Romeo was determined by the United States District Court to have been ineffective in his representation of McConico on the burglary and grand larceny charges because of a failure to inform McConico of the denial of youthful offender status.
On August 15, 1988, McConico telephoned Romeo and informed him of his intent to file a civil complaint against him for damages arising out of the 1976 representation. Romeo allegedly asked him to *Page 525 
delay filing any complaint so that he could contact the company that had been his malpractice insurance carrier in 1976 and investigate the possibility of settling the case. Over the next several months, McConico contacted both Romeo and his attorney several times, but they were apparently never able to reach a settlement that was acceptable to all of the parties involved.
On November 30, 1988, McConico filed a complaint against Romeo in the Circuit Court of Jefferson County, alleging malpractice, breach of contract, denial of civil rights, false imprisonment, willful misrepresentation, and fraudulent suppression of material facts in connection with Romeo's 1976 representation of him. Following discovery, both parties filed motions for summary judgment. The trial court entered Romeo's summary judgment on February 15, 1989, without making any written findings. McConico appealed.
Summary judgment is proper when the record, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; Houston v. McClure, 425 So.2d 1114, 1116 (Ala. 1983); Papastefan v. B L Constr. Co., 356 So.2d 158 (Ala. 1978). In determining the existence or absence of any genuine issue of material fact, we are limited in our review to those factors that were before the trial court when it ruled on the summary judgment motion. Ex parte Bagby Elevator Elec. Co.,383 So.2d 173 (Ala. 1980).
We need not consider the evidence that the appellant presented to the trial court in support of his claims of malpractice, breach of contract, denial of civil rights, and false imprisonment, because those claims were barred by the statute of limitations. Code 1975, § 6-2-34, provides:
 "The following actions must be commenced within six years:
 "(1) Actions for any trespass to person or liberty, such as false imprisonment or assault and battery;
". . . .
 "(4) Actions founded on promises in writing not under seal;
". . . .
 "(8) Motions and other actions against attorneys-at-law for failure to pay over money of their clients or for neglect or omission of duty; and
 "(9) Actions upon any simple contract or speciality not specifically enumerated in this section."
Appellant's claims alleging false imprisonment and denial of civil rights are barred by § 6-2-34(1). This section explicitly applies to actions for false imprisonment, but it has also been held applicable to claims alleging a denial of civil rights under 42 U.S.C. § 1981 and 1983. See Larkin v.Pullman-Standard Div., Pullman, Inc., 854 F.2d 1549 (11th Cir. 1988).
Any claim that McConico may have had for breach of contract is barred by § 6-2-34(4) and (9). Although the record does not indicate whether the contract between the parties was oral or written, we see no need to make this distinction under the facts here, inasmuch as § 6-2-34 applies by its terms to all contracts, whether written or oral, express or implied, unless they are under seal. Because there is no evidence in the record of any contract between the parties that was under seal, the trial court properly entered summary judgment in favor of Romeo with respect to this claim.
McConico's malpractice claim is barred by § 6-2-34(8), which establishes a six-year statute of limitations for malpractice actions. In Cofield v. Smith, 495 So.2d 61 (Ala. 1986), we held that a malpractice action against an attorney handling a criminal case accrued when the client pleaded guilty. This means that in McConico's case any malpractice claim would have accrued in 1976 when he pleaded guilty to the charges of burglary and grand larceny and would have been barred by the statute six years later in 1982. The trial court, therefore, properly entered summary judgment in favor of Romeo on the malpractice claim. *Page 526 
This leaves only a consideration of the plaintiff's fraud claims. Code 1975, § 12-21-12, which became effective as to cases filed after June 11, 1987, provides:
 "(a) In all civil actions brought in any court of the state of Alabama, proof by substantial evidence shall be required to submit an issue of fact to the trier of facts. Proof by substantial evidence shall be required for purposes of testing the sufficiency of the evidence to support an issue of fact in rulings by the court, including without limitation, motions for summary judgment, motions for directed verdict, and other such motions or pleadings respecting the sufficiency of evidence."
After a thorough review of the record, we conclude that the plaintiff failed to satisfy this burden. We find in the record no "substantial evidence" that any fraud was committed.
The summary judgment in favor of Michael Romeo is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.