The plaintiff, John Morrow, appeals from a summary judgment for the defendant, the Town of Littleville, in this action seeking to recover damages under 42 U.S.C. § 1983 and for the breach of an employment contract. We reverse and remand.
The plaintiff's complaint, which was filed more than six months, but less than one year, after the occurrence of the incidents complained of, reads, in pertinent part, as follows:
 "1. That on or prior to September 5, 1989, Plaintiff was employed as a dispatcher with the Town of Littleville.
 "2. That on or about September 5, 1989, Plaintiff's employment with the Town of Littleville was terminated.
 "3. That on or prior to September 5, 1989, the Town of Littleville had established a Policy and Procedures Manual. . . .
 "4. That the termination of Plaintiff's employment by the Town of Littleville was not permitted under the Policy and Procedures Manual for the Town of Littleville and did not follow appropriate policies for terminations.
"COUNT I
 "5. Plaintiff realleges Paragraphs 1 through 4 of this Complaint.
 "6. That the Town of Littleville breached [the] policies and procedures manual in terminating Plaintiff's employment for the reason so stated.
 "7. As a proximate result and circumstance of the wrongful termination of Plaintiff's employment now Plaintiff has lost income and benefits to which he would otherwise be entitled.
 "Wherefore, Plaintiff prays for a judgment against Defendant Town of Littleville as to this count of the Complaint in the sum of $15,000.00 plus interest and costs.
"COUNT II
 "8. Plaintiff realleges Paragraphs 1 through 7 of this Complaint.
 "9. That the Town of Littleville did deny Plaintiff due process of law pursuant to procedures for post-termination hearing which [was] held on or about October 14 through October 28, 1989. That during said proceeding, Plaintiff's rights to due process and a fair and impartial hearing were violated by conduct of B.T. Gardner, Jr., city attorney for the Town of Littleville [who] acted both as prosecutor and adjudicator in said action. Said conduct [on] the part of the city attorney was unlawful and thus violated Plaintiff's rights to due process hearing [before] a fair and impartial tribunal.
 "10. That the action taken by the Defendant, Town of Littleville, was the result of custom and practice by the Defendant.
 "11. As a proximate cause and consequence of the denial of Plaintiff's constitutionally protected rights, Plaintiff has been damaged.
 "Wherefore, Plaintiff prays for a judgment as to this count against the Defendant in the sum of $10,000 plus interest and costs."[1]
The defendant moved for a summary judgment, arguing that the plaintiff had attempted to state a tort claim for the wrongful termination of an employment contract in count one[2] and, therefore, that that count, as well as the § 1983 claim set out in count two, was barred by Ala. Code 1975, § 11-47-23, which provides: *Page 212 
 "All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."
The defendant supported its motion with the affidavit of its town clerk, in which the clerk stated that the plaintiff had not presented any claims to her pertaining to the matters alleged in his complaint. The plaintiff argued that he had stated a claim for the breach of an employment contract in count one and, therefore, that he had satisfied the requirements of § 11-47-23 by filing his complaint within two years from the date his employment was terminated. See MarvinW. Sumlin Constr. Co. v. City of Prichard, 465 So.2d 371
(Ala. 1985), where this Court held that the filing of a complaint seeking damages for the breach of a contract is a sufficient claim for payment to satisfy the requirements of §11-47-23. The plaintiff also argued that § 11-47-23 was not applicable to his § 1983 claim. The trial court agreed with the defendant and entered a summary judgment in its favor, finding that it was entitled to a judgment as a matter of law.
Thus, the issues presented for our review are 1) whether count one of the plaintiff's complaint states a claim for the breach of an employment contract and 2) whether § 11-47-23 is applicable to a § 1983 claim brought in a state court against a municipality. For the following reasons, we hold that §11-47-23 is not a bar to either of the plaintiff's claims.
Although we are called upon to review a summary judgment in this case, the standard of review applicable to the first issue, as presented, is the one applicable to motions to dismiss:
 " 'It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala. 1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala. 1978).
 " 'Where a 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala. 1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57 (Ala. 1982).' "
Seals v. City of Columbia, 575 So.2d 1061 (Ala. 1991), quotingFontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985). (Emphasis in Fontenot.)
The plaintiff alleged in count one of his complaint that the defendant had a "Policy and Procedures Manual" and that the defendant had failed to follow the policies and procedures set out therein in terminating his employment. Construing the complaint liberally in favor of the plaintiff, as the applicable standard of review requires us to do, we must disagree with the defendant's contention that the trial court correctly characterized count one of the complaint as attempting to state a tort claim for the wrongful termination of an employment contract. Instead, we conclude that count one is sufficient to state a claim for the breach of an employment contract. This Court has held that an employee-at-will relationship can be modified by provisions in an employee handbook by which the employer promises not to discharge employees except by procedures or for causes set forth in the handbook: *Page 213 
 " '[T]he language contained in a handbook can be sufficient to constitute an offer to create a binding unilateral contract. The existence of such a contract is determined by applying the following analysis to the facts of each case: First, the language contained in the handbook must be examined to see if it is specific enough to constitute an offer. Second, the offer must have been communicated to the employee by issuance of the handbook, or otherwise. Third, the employee must have accepted the offer by retaining employment after he has become generally aware of the offer. His actual performance supplies the necessary consideration.' "
Bell v. South Central Bell, 564 So.2d 46, 48 (Ala. 1990), quoting Hoffman-La Roche, Inc. v. Campbell, 512 So.2d 725, 735
(Ala. 1987). Consequently, because the plaintiff's complaint is sufficient to state a claim for the breach of an employment contract, the plaintiff satisfied the requirements of §11-47-23 by filing his complaint within two years from the date his employment was terminated. Marvin W. Sumlin Constr. Co. v.City of Prichard, supra.
The defendant relies on Stewart v. City of Northport,425 So.2d 1119 (Ala. 1983), to support its argument that § 11-47-23
is a bar to the plaintiff's § 1983 claim. In Stewart, this Court held that § 11-47-23 was applicable to a § 1983 claim brought in a state court against a municipality. The Court stated, in part, as follows:
 "We will address the six months' notice requirement first. It is well established that in a § 1983 action, the courts must look to state law for the applicable statute of limitations. Rubin v. O'Koren, 644 F.2d 1023 (5th Cir. 1981). Since the defendant is a municipality, the applicable Alabama statute of limitations is § 11-47-23, Code 1975."
425 So.2d at 1121. The Court went on to distinguish § 11-47-23
from Georgia's ante-litem notice provision and to hold that there were no constitutional barriers, such as the exhaustion of administrative remedies, to the plaintiffs' filing of their § 1983 action. The Court specifically held that Ehlers v. Cityof Decatur, Georgia, 614 F.2d 54 (5th Cir. 1980), did not control that case.[3]
Relying on Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938,85 L.Ed.2d 254 (1985); Owens v. Okure, 488 U.S. 235,109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Acoff v. Abston, 762 F.2d 1543
(11th Cir. 1985); and Jones v. Preuit Mauldin, 876 F.2d 1480
(11th Cir. 1989), the plaintiff argues that the only statute of limitations now applicable to a § 1983 claim filed in a court in Alabama, whether that court is a state court or a federal court, is the two-year statute of limitations set out in Ala. Code 1975, § 6-2-38(l). In essence, the plaintiff's argument is that Stewart v. City of Northport, supra, has been overruled by federal case law. We agree.
In Wilson v. Garcia, supra, the United States Supreme Court held that courts entertaining claims brought under § 1983 should borrow the state statute of limitations for personal injury actions. Later, in Owens v. Okure, supra, the Court held that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims *Page 214 
should borrow the general or residual statute of limitations for personal injury actions. The rationale of the Court's holdings in Wilson and Owens is, perhaps, best explained in the following quote from Owens:
 "In this case, we again confront the consequences of Congress' failure to provide a specific statute of limitations to govern § 1983 actions. Title 42 U.S.C. § 1988 endorses the borrowing of state-law limitations provisions where doing so is consistent with federal law; § 1988 does not, however, offer any guidance as to which state provision to borrow. To fill this void, for years we urged courts to select the state statute of limitations 'most analogous,' Board of Regents, Univ. of New York v. Tomanio, 446 U.S. 478, 488
[100 S.Ct. 1790, 1797, 64 L.Ed.2d 440] (1980), and 'most appropriate,' Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462, [95 S.Ct. 1716, 1721, 44 L.Ed.2d 295] (1975), to the particular § 1983 action, so long as the chosen limitations period was consistent with federal law and policy. Occidental Life Ins. Co. of California v. EEOC, 432 U.S. 355, 367 [97 S.Ct. 2447, 2455, 53 L.Ed.2d 402] (1977); Johnson, supra [421 U.S.], at 465 [95 S.Ct., at 1722].
 "The practice of seeking state-law analogies for particular § 1983 claims bred confusion and inconsistency in the lower courts and generated time-consuming litigation. Some courts found analogies in common-law tort, others in contract law, and still others in statutory law. Often the result had less to do with the general nature of § 1983 relief than with counsel's artful pleading and ability to persuade the court that the facts and legal theories of a particular § 1983 claim resembled a particular common-law or statutory cause of action. Consequently, plaintiffs and defendants often had no idea whether a federal civil rights claim was barred until a court ruled on their case. Predictability, a primary goal of statutes of limitations, was thereby frustrated.
 "In Wilson [v. Garcia], we sought to end this 'conflict, confusion and uncertainty.' 471 U.S., at 266 [105 S.Ct., at 1941]. Recognizing the problems inherent in the case-by-case approach, we determined that 42 U.S.C. § 1988 requires courts to borrow and apply to all § 1983 claims the one most analogous state statute of limitations. Ibid. See id., at 275 [105 S.Ct., at 1946] ('[F]ederal interests in uniformity, certainty, and the minimization of unnecessary litigation all support the conclusion that Congress favored this simple approach'); see also id., at 272 [105 S.Ct., at 1945] ('[A] simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose'). We concluded, based upon the legislative history of § 1983 and the wide array of claims now embraced by that provision, that § 1983 'confer[s] a general remedy for injuries to personal rights.' Id., at 278 [105 S.Ct., at 1948]. Because ' § 1983 claims are best characterized as personal injury actions,' we held that a State's personal injury statute of limitations should be applied to all § 1983 claims. Id., at 280 [105 S.Ct., at 1949].
 "As the instant case indicates, Wilson has not completely eliminated the confusion over the appropriate limitations period for § 1983 claims. In States where one statute of limitations applies to all personal injury claims, Wilson supplies a clear answer. Courts considering § 1983 claims in States with multiple statutes of limitations for personal injury actions, however, have differed over how to determine which statute applies. Several Courts of Appeals have held that the appropriate period is that which the State assigns to certain enumerated intentional torts. These courts have reasoned that intentional torts are most closely analogous to the claims Congress envisioned being brought under the Civil Rights Act, and to the paradigmatic claims brought today under § 1983. Other Courts of Appeals, by contrast, have endorsed the use of the state residuary statute of limitations for § 1983 actions. These courts have observed that § 1983 embraces a broad array of actions for injury to personal rights, and that the *Page 215 
intentional tort is therefore too narrow an analogy to a § 1983 claim. The Court of Appeals for the Second Circuit followed this second approach when it concluded that New York's statute of limitations for certain enumerated intentional torts did not reflect the diversity of § 1983 claims.
 "In choosing between the two alternatives endorsed by the Courts of Appeals — the intentional torts approach and the general or residual personal injury approach — we are mindful that ours is essentially a practical inquiry. Wilson, 471 U.S., at 272 [105 S.Ct., at 1945]. Our decision in Wilson that one 'simple, broad characterization' of all § 1983 actions was appropriate under § 1988 was, after all, grounded in the realization that the potential applicability of different state statutes of limitations had bred chaos and uncertainty. Id., at 275 [105 S.Ct., at 1946]; see also Burnett v. Grattan, 468 U.S. 42, 50
[104 S.Ct. 2924, 2930, 82 L.Ed.2d 36] (1984) (courts selecting a state statute of limitations for § 1983 actions must 'tak[e] into account practicalities that are involved in litigating federal civil rights claims'); accord Felder v. Casey, 487 U.S. 131 [108 S.Ct. 2302, 101 L.Ed.2d 123] (1988). Thus, our task today is to provide courts with a rule for determining the appropriate personal injury limitations statute that can be applied with ease and predictability in all 50 States."
488 U.S. at 239-43, 109 S.Ct. at 576-78.
Thus, the United States Supreme Court has made it clear that there is only one statute of limitations in each state applicable to a § 1983 claim. In Alabama, § 6-2-38(l), supra, is the statute of limitations applicable to a § 1983 claim. SeeJones v. Preuit Mauldin, supra.
We note the defendant's argument that § 11-47-23 is not a statute of limitations. It is true that this Court has characterized § 11-47-23 as a nonclaim provision, see, e.g.,Marvin W. Sumlin Constr. Co. v. City of Prichard, supra, andIvory v. Fitzpatrick, 445 So.2d 262 (Ala. 1984); however, contrary to the defendant's assertions, our characterization of it as a nonclaim provision does not change the fact that §11-47-23, if not complied with, would operate as a statute of limitations by barring a § 1983 claim. The exact nature of a nonclaim provision was explained in Ivory v. Fitzpatrick,supra:
 " 'The whole theory of the statute [of nonclaim] is to create a defense broader in its operation than the statute of limitations, not only barring remedies, but extinguishing debts and liabilities.' Fretwell v. McLemore, 52 Ala. 124, 144 (1875). (Emphasis added.) As the Court elaborated in Yniestra v. Tarleton, 67 Ala. 126 (1880):
 " 'The following authorities show that, under our decisions and legislation, the statute of nonclaim has never been regarded merely as a statute of limitations, but that the two systems have been recognized as separate and distinct, and embrace scopes of policy not commensurate, but, in many particulars, essentially diverse. Fretwell v. McLemore, 52 Ala. [124], 140; McDowell's Adm'r v. Jones' Adm'r, 58 Ala. 25; Halfman's Ex'rs v. Ellison, 51 Ala. [543], 545; Branch Bank v. Donelson, 12 Ala. [741], 742.'
"67 Ala. at 129.
 "This reasoning has also been recognized as it relates to 'claims for damages growing out of torts against [a] municipality' which must be presented to the city clerk within six months or be barred, Code 1975, § 11-47-23. The six-month limitation period relating to claims against a municipality has been construed to be not merely a statute of limitations but a statute of nonclaim similar to the probate nonclaim statute. See Taylor v. City of Clanton, 245 Ala. 671, 18 So.2d 369
(1944); City of Huntsville v. Goodenrath, 13 Ala. App. 579, 68 So. 676 (1915)."
445 So.2d at 264. (Emphasis in original.)
We further note that in Acoff v. Abston, supra, the Eleventh Circuit Court of Appeals also recognized that § 11-47-23
operated as a statute of limitations and, construing *Page 216 Wilson v. Garcia, supra, held as follows:
 "The federal policy of intra-state uniformity among different Section 1983 claims, relied upon by the Court in Wilson, would prevent federal courts from using a different statute of limitations in Section 1983 cases depending on whether a municipality were named as a defendant. This Court cannot, therefore, borrow Section 11-47-23 as the most appropriate and analogous state statute."
762 F.2d at 1546.
In light of the United States Supreme Court's holdings inWilson v. Garcia, supra, and Owens v. Okure, supra, we hereby overrule Stewart v. City of Northport, supra, to the extent that it stands for the proposition that § 11-47-23 is applicable to a § 1983 claim filed in a state court in Alabama against a municipality.
For the foregoing reasons, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] The defendant does not dispute that count two states a claim for damages under § 1983.
[2] A tort claim for the wrongful termination of an employment contract has not been recognized in Alabama. See Salter v. AlfaInsurance Co., 561 So.2d 1050 (Ala. 1990).
[3] In Ehlers, then Judge Godbold, writing for a panel of the court, stated:
 "Federal courts may not require exhaustion of state administrative or judicial remedies in a § 1983 action for damages for deprivation of a constitutional right. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Wells Fargo Armored Serv. Corp. v. Georgia Public Serv. Comm'n, 547 F.2d 938, 939-940 n. 1 (5th Cir. 1977); Bryant v. Potts, 528 F.2d 621 (5th Cir. 1976). States may not statutorily burden access to the federal courts with requirements federal courts themselves are prohibited from imposing. U.S. Const. art. VI, cl. 2 (Supremacy Clause). Contrast De Almanza v. Laredo Water Works Syst., 582 F.2d 970 (5th Cir. 1978) (ante-litem notice constitutional as applied to state law claim in diversity suit). Georgia's ante-litem notice requirement therefore may not constitutionally be applied to this § 1983 action for damages for deprivation of a constitutional right."
614 F.2d at 56. In light of our holding in this case, we need not decide whether the Stewart court erred in holding that §11-47-23 does not require a complainant to exhaust a state remedy prior to filing a § 1983 claim.