**A.V. PATRICK, Plaintiff,**

v.

**The CITY OF FLORALA,
et al., Defendants.**

Civ. A. No. 91–T–1168–N.

United States District Court,
M.D. Alabama, N.D.

March 6, 1992.

Patrick K. Nakamura, George N. Davies, Longshore, Nakamura & Quinn, Birmingham, Ala., for plaintiff.

Allen Cook, Andalusia, Ala., for defendants.

## ORDER

MYRON H. THOMPSON, Chief Judge.

Plaintiff A.V. Patrick has brought this lawsuit charging that the four individual

defendants, members of the City Council of the City of Florala, have conspired to deprive him of his civil rights and have discriminated against him because of his race, all in violation of 42 U.S.C.A. § 1985; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e through 2000e–17; and the first and fourteenth amendments to the United States Constitution, as enforced through 42 U.S.C.A. § 1983. He also brings state law claims for breach of his employment contract and tortious interference with the contract. Patrick has sued the council members both in their individual and official capacities and also names the city as a defendant. This court has jurisdiction over Patrick's federal claims under 28 U.S.C.A. §§ 1331 & 1343, and 42 U.S.C.A. § 2000e–5(f)(3), and may exercise pendent jurisdiction over Patrick's state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Currently, this cause is before the court on motions filed by the defendants seeking to strike any claim for damages in excess of $100,-000 and to dismiss the complaint. For the reasons that follow, the court concludes that the motion to strike is due to be denied and the motion to dismiss is due to be granted in part and denied in part.

## I. *Background*

A.V. Patrick served as the Chief of Police of the City of Florala from 1986 until 1990. He was removed from office by the City Council in April 1990, allegedly for misappropriation of funds. Patrick contends that the charge against him was merely a pretext and that the council members actually dismissed him because he is black and because of his political views.[1] Patrick has filed this complaint seeking compensatory and punitive damages, reinstatement, costs and fees, and other appropriate relief.

1. The four members of the council who are named as defendants in both their personal and official capacities are white. The council's only black member, who voted against Patrick's dismissal, does not appear to have been included as a defendant to this lawsuit.

2. Defendants' motion does not seek to limit the damages available for count IV since this count

## II. *The Motion to Strike*

The defendants have moved to strike any claims for damages in excess of $100,000 for the violations alleged in counts I, II, III, and V of the complaint.[2] These counts charge the defendants with violations of Patrick's first and fourteenth amendment rights (count I), conspiracy to violate his civil rights (count II), violation of Title VII (count III), and tortious interference with his employment contract (count V). The defendants claim that Alabama state law places a limit of $100,000 on the damages recoverable against a municipality for damage or loss of property arising out of a single occurrence. 1975 Code of Alabama §§ 11–93–1 through 11–93–3.[3] They contend that, in this case, Patrick seeks damages for a single incident, the loss of his job, and is therefore limited by this provision to a single award. Because the court finds, below, that count V must be dismissed, there is no need to resolve the applicability of this provision to count V.

With regard to Patrick's federal claims, the defendants' reliance on state law is misplaced. First, with regard to counts I and II, the Eleventh Circuit has held that the availability of damages under § 1983 is a question of federal law, not state law. *Gamble v. Florida Dept. of Health & Rehab. Servs.*, 779 F.2d 1509, 1518 n. 11 (11th Cir.1986). Therefore, state statutes purporting to limit the damages available in a suit against a state actor are not applicable to suits brought under § 1983.

Similar considerations preclude application of these state law provisions to Patrick's Title VII claim, set forth in count III. Under the terms of Title VII, "[n]othing ... in ... this Act shall be construed as invalidating any provision of State law unless such provision is inconsistent with any

states a claim for breach of contract that would not be covered by the Alabama tort statute.

3. Defendants cite §§ 11–90–1 through 11–90–3 for this proposition. These sections concern "Free Public Libraries." The court assumes defendants intended to invoke §§ 11–93–1 through 11–93–3, "Tort Claims and Judgments Against Local Governmental Entities."

of the purposes of this Act, or any provision thereof." 42 U.S.C.A. § 2000h–4. A "central statutory purpos[e]" of a monetary award under § 2000e–5 of Title VII is to make a person whole for injuries caused by illegal employment discrimination. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 418, 421, 95 S.Ct. 2362, 2372, 2373, 45 L.Ed.2d 280 (1975). Application of an arbitrary $100,000 limit to backpay awards against municipalities in Alabama, without regard to the employee's actual salary level or the duration of the violation, would clearly frustrate this important goal. ·

■ The defendants further contend, correctly, that punitive damages may not be awarded against a municipality under § 1983.[4] *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). However, such damages may be awarded against the defendants acting in their individual capacities. *Kentucky v. Graham,* 473 U.S. 159, 167 n. 13, 105 S.Ct. 3099, 3106 n. 13, 87 · L.Ed.2d 114 (1985). Therefore, Patrick's request for punitive damages is appropriate. The defendants' motion to strike will be denied.

### III. *The Motion to Dismiss*

#### A.

■ The defendants first contend that counts I, II, III and V must be dismissed because Patrick has failed to allege that he filed a sworn claim with the City of Florala within six months of the accrual of his cause of action, as required by state statutory provisions governing tort claims against municipalities. *See* 1975 Code of Alabama §§ 11–47–23, 11–47–192. Section 11–47–23 establishes a six-month limitations period within which a claimant must notify the city clerk of a potential tort

claim, while § 11–47–192 requires that a sworn statement describing the incident be filed with the clerk before any relief will be awarded. · The Alabama Supreme Court has· held that these two provisions are to be read together. *Howell v. City of Dothan,* 174 So. 624, 628 (Ala.1937). Defendants assert that these provisions create a mandatory "condition precedent" to a suit against the city, distinguishable from a statute of limitations, which operates to bar both Patrick's federal claims and his state law claim for tortious interference with his employment contract.[5]

These provisions do not serve as a bar to Patrick's· federal law claims. · Both the Eleventh Circuit and the Alabama Supreme Court have held that the tort claim notification requirement set forth in these provisions does not apply to § 1983 actions. *Acoff v. Abston,* 762 F.2d 1543, 1546 (11th Cir.1985); *Morrow v. Town of Littleville,* 576 So.2d 210 (Ala.1991). Regardless of how the notification requirement is characterized, whether it is as a statute of limitations, a "nonclaim provision," *Morrow,* 576 So.2d at 215, or a "condition precedent," it would effectively operate as a statute of limitations to bar claims not presented to the city within six months of the date of accrual. *Id.* Recognition of a special six-months limitations period applicable only to § 1983 suits against a municipal defendant would contravene the federal policy favoring intra-state uniformity among § 1983 claims. *Acoff,* 762 F.2d at 1546.[6]

Similarly, application of these state law provisions to a claim brought under Title VII would be inconsistent with the purposes of that statute. As noted above, Title VII does not invalidate relevant state laws unless, as here, those laws are incon-

---

**4.** The court notes that defendants mistakenly rely on Alabama state law for this ·principle. Again, the availability of damages is determined by federal, not state, law. *Gamble,* 779 F.2d at 1518 n. 11.

**5.** As defendants recognize, the Supreme Court has held that a court hearing a claim under § 1983 applies the state statute of limitations that would apply to a personal injury action. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Alabama, the person-

al injury statute of limitations is two years. 1975 Code of Alabama § 6–2–38.

**6.** As stated, Alabama courts read these two provisions *in pari materia. Howell,* 174 So. at 628. Even if this court were to interpret the notice requirement of § 11–47–192 independently, however, the conclusion would not be different. A notice requirement would constitute an administrative remedy which a § 1983 plaintiff need not exhaust. *Acoff,* 762 F.2d at 1546 n. 3.

sistent with the purposes or provisions of the Act. Title VII clearly identifies the "conditions precedent" which a claimant is required to meet in order to bring suit under the act. *See* 42 U.S.C.A. § 2000e–5. A Title VII plaintiff satisfies the prerequisites to federal action by filing timely charges of employment discrimination with the Equal Employment Opportunity Commission, and receiving and acting upon the Commission's statutory notice of right to sue. *Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481 (6th Cir.1989).[7] The imposition of the additional conditions of §§ 11–47–23 and 11–47–192 on plaintiffs bringing suit in Alabama would put additional hurdles in the way of Title VII plaintiffs, in contravention of the purposes and policies behind the Act. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798–99, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973) (rejecting attempts to "engraft" additional jurisdictional requirements onto the Act). The claim will not be dismissed on these grounds.

Patrick's final claim, charging the defendants with tortious interference with his employment contract, arises solely under state law. Therefore, this claim is subject to the Alabama notification requirement. Patrick does not allege that he complied with the statute by filing a sworn statement with the city within six months of the date his cause of action accrued, nor does he raise any challenge to the applicability of this "condition precedent" to his state

law tort claim.[8] Therefore, the court will dismiss this claim.

### B.

■ Defendants contend that Patrick's constitutional claims must be dismissed because he has failed to establish the loss of a constitutionally protected property or liberty interest. Patrick has alleged that the defendants dismissed him because of his political views, in violation of his first amendment rights.[9] Contrary to defendants' assertion, Patrick does not allege that he has a protected property interest in his job, nor would he be required to establish this in order to prevail on his first amendment claim. "[E]ven though a person has no 'right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech." *Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2694, 2697, 33 L.Ed.2d 570 (1972). Thus, the fact that Patrick lacked a property interest in his job would not be sufficient to justify a dismissal based solely on his private political beliefs. *Elrod v. Burns,* 427 U.S. 347, 360, 96 S.Ct. 2673, 2683, 49 L.Ed.2d 547 (1976); *Branti v. Finkel,* 445 U.S. 507, 511–12 n. 6, 100 S.Ct. 1287, 1291 n. 6, 63

---

7. While Title VII contains no express reference to timeliness under state law, *E.E.O.C. v. Commercial Office Prods. Co.,* 486 U.S. 107, 124, 108 S.Ct. 1666, 1675, 100 L.Ed.2d 96 (1988), the Supreme Court has rejected analogous attempts to import state limitations periods into Title VII actions. In *Commercial Office Products,* for example, the Supreme Court held that state time limits for filing discrimination claims with a state agency do not determine the applicable federal time limit under § 2000e–5(c). *Id.* at 124–25, 108 S.Ct. at 1675. This decision confirmed the conclusion reached by all six circuits that had considered the issue, including this circuit. *Thomas v. Florida Power & Light Co.,* 764 F.2d 768 (11th Cir.1985); *see Commercial Office Prods.,* 486 U.S. at 123 n. 7, 108 S.Ct. at 1675 n. 7 (listing cases).

8. The Alabama Supreme Court has held that a plaintiff may meet the requirements of this pro-

vision by filing suit within the six month period, even if no sworn complaint is filed with the city. *Diemert v. City of Mobile,* 474 So.2d 663 (Ala. 1985). However, Patrick does not allege that his suit was filed within the six-month period nor does that appear to be the case. Patrick filed the complaint in this case on October 2, 1991. Although he does not identify the precise date of his discharge, it apparently occurred sometime after a special council meeting held on April 6, 1990—almost one and a half years prior to the initiation of this action.

9. Were Patrick also to allege that he was deprived of his position without due process of law, the question of whether he had a protected property or liberty interest in his job would become relevant. However, the complaint states no such claim.

L.Ed.2d 574 (1980). Patrick's failure to allege a protected property interest in his position does not require dismissal of this claim.

### C.

■ The defendants seek dismissal of Patrick's Title VII claim on grounds that, as Chief of Police, Patrick occupied a policymaking position exempt from the coverage of Title VII.[10] *See* 42 U.S.C.A. § 2000e(f) (exempting from Title VII coverage appointees on policymaking levels and members of "personal staff" directly accountable to elected officials). Patrick's status as an "employee" within the meaning of Title VII is a question of federal, rather than of state, law. *Calderon v. Martin County*, 639 F.2d 271, 272 (5th Cir., Unit B, 1981).[11] As this Circuit has held, whether an employee falls within the "personal staff" exemption to Title VII "is to be ascertained through consideration of the statutory language of the Act, its legislative history, existing federal case law, and the particular circumstances of the case at hand. State law is relevant insofar as it describes the plaintiff's position, including his duties and the way he is hired, supervised and fired." *E.E.O.C. v. Reno*, 758 F.2d 581, 584 (11th Cir.1985) (quoting *Calderon*, 639 F.2d at 272–73) (internal citations omitted). The court construes this exemption narrowly. *Id.; Teneyuca v. Bexar County*, 767 F.2d 148, 152 (5th Cir. 1985).

The Eleventh Circuit has identified several factors that the court may consider to determine whether a plaintiff falls within the "personal staff" exception to Title VII's definition of employee. These include: (1) whether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue is personally accountable to only that elected official, (3) whether the person in the position at issue represents the elected official in the eyes of the public, (4) whether the elected official exercises a considerable amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position. *Teneyuca*, 767 F.2d at 151. As this list should demonstrate, the question of the exact nature of Patrick's position is a "highly factual" one. *Id.* at 152. The court finds that this question cannot be resolved based solely on the allegations in the pleadings. Therefore, defendants' motion to dismiss Patrick's Title VII claim will be denied.

### D.

■ Finally, the defendants contend that Patrick has failed to make out any claims against them for actions taken in their personal capacities. They therefore seek dismissal of any such claims. Apparently, the defendants understand "personal capacity" suits to be limited to those actions brought against individuals acting as private citizens. If this is indeed the defendants' definition of "personal capacity," it is incorrect. To establish personal liability in a § 1983 action, a plaintiff need only show "that the official, *acting under color of state law,* caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (emphasis added). Here, Patrick has claimed that the members of the city council, acting under color of state law, dismissed him in violation of his first amendment rights. The fact that the defendants acted with the authority of the city council when they terminated Patrick does not shield them from personal liability for any constitutional wrongdoing;

---

**10.** This claim is raised for the first time in defendants' brief in support of their motion; it does not appear in the motion to dismiss. Since Patrick has responded to this claim, however, the court will address it here.

**11.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Cf. Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982) (adopting as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit).

on the contrary, it is for this very reason that § 1983 liability may attach.

·Accordingly, for the above reasons, it is ORDERED:

(1) That the defendants' motion to strike, filed October 22, 1991, be and it is hereby denied; and ·

(2) That the defendants' motion to dismiss, filed October 22, 1991, be and it is hereby granted with respect to count V and denied in all other respects.