PER CURIAM.
The judgment based on the jury verdict returned against the plaintiff, the award of attorney fees, and the imposition of costs on the plaintiff pursuant to the Alabama Litigation Accountability Act, § 12-19-270, Ala.Code 1975, are affirmed. The plaintiff, as appellant, acting pro se, has filed a brief that does not contain a “full statement of the facts relevant to the issues presented for review, with appropriate references to the record” and does not contain “citations to the parts of the record relied on,” which are required by Rule 28(a), Ala.R.App.P. Thomason v. Redd, 565 So.2d 259 (Ala.Civ.App.1990). When a brief states general propositions but fails to make specific application of those propositions to the rulings assigned as error, it is waived and will not be considered on appeal. Jenkins v. Landmark Chevrolet, Inc., 575 So.2d 1157 (Ala.Civ.App.1991); Roberson v. Riley, 464 So.2d 90 (Ala.Civ.App.1984), rev’d on other grounds, Ex parte Riley, 464 So.2d 92 (Ala.1985).
Furthermore, the appellant’s brief fails to cite any authority. “Where an appellant fails to cite any authority for an argument, this Court may affirm the judgment on those issues, for it is neither the Court’s duty nor its function to perform all the legal research for an appellant.” Sea Calm Shipping Co., S.A. v. Cooks, 565 So.2d 212, 216 (Ala.1990), Rule 28(a)(5), Ala. R.App.P. See also, K.W. v. State Dep’t of Human Resources, 575 So.2d 579 (Ala.Civ.App.1991).
The judgment of the trial court is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.