The plaintiff, Charles Johnny Gorman, Jr., filed what can best be described as a pro se 42 U.S.C. § 1983 action against Lynn Wood and other defendants, individually and in their official capacities as law enforcement officials or prosecuting officers. The defendants filed motions to dismiss, alleging, among other grounds, that the plaintiff's action was barred by the statute of limitations *Page 922 
and by a general release, a copy of which they attached to their motions. The trial court granted the motions to dismiss. The plaintiff appeals. We affirm.
The plaintiff, in his table of cases and in his argument that his cause of action is governed by the six-year statute of limitations, cites McConico v. Romeo, 561 So.2d 523 (Ala. 1990), and Ala. Code 1975, § 6-2-34(1). The plaintiff's cause of action arose on November 22, 1989, when he was arrested. He filed his complaint on August 31, 1994. Therefore, if the six-year statute of limitations applied, his action would not be time barred. However, according to Morrow v. Town ofLittleville, 576 So.2d 210 (Ala. 1991) (citing Owens v. Okure,488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), and Wilsonv. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254
(1985)), and Woods v. Reeves, 628 So.2d 563 (Ala. 1993), the only statute of limitations applicable to § 1983 claims in Alabama is the two-year statute of limitations in Ala. Code 1975, § 6-2-38(l). Therefore, the plaintiff's action is time-barred, and the trial court properly granted the defendants' motions to dismiss.
Where an appellant, whether represented by an attorney or proceeding pro se, cites no authority for a legal argument on an issue, this Court may affirm the judgment as to that issue, because it is neither the Court's duty nor its function to perform legal research for an appellant. Welch v. Hill,608 So.2d 727 (Ala. 1992). Although the plaintiff's brief contains a table of cases, the plaintiff fails to demonstrate how the cases cited apply to his argument that the general release was not valid.
Release-dismissal agreements are not invalid per se. Town ofNewton v. Rumery, 480 U.S. 386, 107 S.Ct. 1187, 94 L.Ed.2d 405
(1987). We have studied the general release in this case. The plaintiff admits that he signed the release and that Cullman Circuit Court cases CC-90-049R and CC-90-090R, in which this plaintiff was charged with possession of a firearm after having been convicted of a felony and with impersonation of a peace officer, were dismissed when the release was signed. When the plaintiff signed the release, he was represented by an attorney, who had drafted the release and who notarized the plaintiff's signature. The plaintiff does not allege that the release was obtained by fraud. The release is not ambiguous. Therefore, the plain and clear meaning of the terms of the release document must be given effect. Wayne J. GriffinElectric, Inc. v. Dunn Construction Co., 622 So.2d 314 (Ala. 1993); Nix v. Henry C. Beck Co., 572 So.2d 1214 (Ala. 1990). The defendants were released "from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all claims which may or may not result or occur or which may in the future develop as a result of a criminal lawsuit filed by the State of Alabama against [the plaintiff], Case Nos. CC-90-049R and CC-90-090R, for (1) felon in possession of a firearm, and (2) impersonation of a peace officer."
AFFIRMED.
MADDOX, ALMON, INGRAM, and BUTTS, JJ., concur.