HOOPER, Chief Justice
(concurring in part and dissenting in part).
I agree that the lower court’s holding should be summarily affirmed with regard to the merits of the plaintiff’s claims. However, I respectfully dissent on the issue of sanctions. I would hold that the plaintiff clearly is subject to the sanctions provisions of the Alabama Litigation Accountability Act, Ala. Code 1975, § 12-19-270 et seq. (“ALAA”).
The ALAA states:
“(a) Except as otherwise provided in this article, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys’ fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part.... ”
Ala.Code 1975, § 12-19-272 (emphasis added). This section allows a court to impose attorney fees against parties who bring frivolous lawsuits. Frivolous claims against municipalities are not inconsequential. They are paid for by the people of Alabama, whose taxes must be used to pay (1) the city attorneys to defend the lawsuits; (2) the judges and jury to decide them; and (3) the numerous employees who administer the judicial system.
Nonetheless, there are special requirements for sanctioning “pro se” plaintiffs. The ALAA states:
“No [pro se party] ... shall be assessed attorneys’ fees unless the court finds that the party clearly knew or reasonably should have known that his action, claim or defense or any part thereof was without substantial justification.”
Ala.Code 1975, § 12-19-272(e).
The plaintiff in this case either knew or reasonably should have known that the claim he pursued was without substantial justification.
The following facts support that conclusion: In the fall of 1994 a Birmingham zoning inspector, in response to a complaint, visited the plaintiffs property. The property contained houses sitting on beams used to move houses; the houses were advertised for sale. The inspector determined that the plaintiff was violating the city zoning ordinance, which had zoned the area “R-3” (single-family residential). The inspector informed the plaintiff of this and gave him until January 3, 1995, to remedy the violations.
By February 17, the plaintiff had not complied. The inspector again notified him: *1391 “[P]lease be advised that warrant [sic] will be issued for your arrest should the properties not be in compliance by February 23, 1995.” Appellees’ Brief, Attachment 3. The inspector also invited the plaintiff to telephone her with any questions. The plaintiff did not correct the violations, but sued the inspector and the City, claiming $5,000,000 in damages for “abuse of process, malicious acts, malicious prosecution, infliction of emotional stress, slander of reputation and good name.”
In essence, the plaintiff is asking for $5,000,000 because the City sent him a letter telling him that he was violating its zoning ordinance. The defendants claim that the plaintiffs lawsuit was “an attempt to evade the judicial process and an attempt to threaten and intimidate the City.” I agree.
While subsection (e) does require that a court exercise more caution before sanctioning a pro se party, it does not provide such a party with a license to bring frivolous lawsuits. Pro se parties can be liable for sanctions. Welch v. Hill, 608 So.2d 727 (Ala.1992) (pro se plaintiff sanctioned under ALAA with imposition of attorney fees and costs for neglecting proper procedures on appeal). The plaintiff in this case should be subject to sanctions.
Ala.Code 1975, § 12-19-273 lists 12 factors a court should consider in determining whether to sanction a party. Those factors include the following:
“(1) The extent to which any effort was made to determine the validity of any action ... before it was asserted.” (It appears this plaintiff made no such effort.)
“(2) The extent of any effort made ... to reduce the number of [invalid] claims....” (This plaintiff made no such effort.)
“(5) Whether or not the action was prosecuted ... in bad faith or for [an] improper purpose.” (The plaintiff could not have made a good faith claim for $5,000,000 under these circumstances.)
“(6) Whether or not issues of fact ... were reasonably in conflict.”
These factors apply to this plaintiff.
If we do not sanction pro se plaintiffs for bringing frivolous lawsuits, then we are encouraging parties to act pro se in order to avoid liability for filing frivolous claims.
For these reasons, I must respectfully dissent from the failure to impose sanctions.